IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

*received*
*1-12-12*
*11:26am*

EVELYN D. BUTLER, INDIVIDUALLY, AS
ADMINISTRATRIX FOR THE ESTATE OF
ALICE JEAN BUTLER, AND ON BEHALF OF
THE WRONGFUL DEATH BENEFICIARIES
FOR ALICE JEAN BUTLER                                              PLAINTIFF

VERSUS                          CIVIL ACTION NO. *251-12-24 CIV*

CHADWICK NURSING & REHABILITATION
CENTER, LLC; CHADWICK NURSING &
REHABILITATION CENTER; AURORA
HEALTHCARE, LLC; AURORA CARES, LLC;
JOHN C. FARMER, M.D.; FARMER AND ASSOCIATES;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                                 DEFENDANTS

SUMMONS
THE STATE OF MISSISSIPPI
TO:  CHADWICK NURSING & REHABILITATION CENTER
Attn: Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi 39204

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to J.
Howard Thigpen, the attorney for the Plaintiff(s), whose mailing and street address is One
Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201. Your response
must be mailed or delivered within (30) days from the date of delivery of this summons and
complaint or a judgment by default will be entered against you for the money or other things
demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this _10_ day of _____, 2012.

Barbara Dunn, Circuit Clerk

_____
Clerk of Hinds County, Mississippi

**EXHIBIT
A**

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                     **PLAINTIFFS**

VERSUS                          CIVIL ACTION NO. _251-12-24CIV_

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                       **DEFENDANTS**

SUMMONS
THE STATE OF MISSISSIPPI
TO: AURORA HEALTHCARE, LLC·
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to J.
Howard Thigpen, the attorney for the Plaintiff(s), whose mailing and street address is One
Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201. Your response
must be mailed or delivered within (30) days from the date of delivery of this summons and
complaint or a judgment by default will be entered against you for the money or other things
demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this _10_ day of _____ , 2012.

Barbara Dunn, Circuit Clerk

_____
Clerk of Hinds County, Mississippi

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT          PLAINTIFFS

VERSUS                    CIVIL ACTION NO. _251-12-24CIV_

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                         DEFENDANTS

SUMMONS
THE STATE OF MISSISSIPPI
TO: AURORA CARES, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

NOTICE TO DEFENDANT(S)

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND
YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to J.
Howard Thigpen, the attorney for the Plaintiff(s), whose mailing and street address is One
Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201. Your response
must be mailed or delivered within (30) days from the date of delivery of this summons and
complaint or a judgment by default will be entered against you for the money or other things
demanded in the complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable
time afterward.

Issued under my hand and the seal of said Court, this _10_ day of _____, 2012.

Barbara Dunn, Circuit Clerk

_____
Clerk of Hinds County, Mississippi



FILED

JAN 10 2012

BARBARA DUNN, CIRCUIT CLERK
BY_____D.C.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                            PLAINTIFFS

VERSUS                          CIVIL ACTION NO. 251-12-24 CIV

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                             DEFENDANTS

COMPLAINT
JURY TRIAL DEMANDED

COMES NOW, Plaintiff, Annie M. Haymore, by and through Maxine Haymore, as attorney-in-fact (hereafter "Plaintiff"), by and through her attorney of record and files her Complaint against Defendants, Chadwick Nursing & Rehabilitation Center; Chadwick Nursing & Rehabilitation Center, LLC; Aurora Cares, LLC; Aurora Healthcare, LLC; Corporations A-G; Jane Does A-G; and John Does A-G. In support of this Complaint, Plaintiff would set forth:

PARTIES

1.      Plaintiff, MAXINE HAYMORE, at all times material to this lawsuit, was and is an adult resident citizen of the City of Belzoni, Humphreys County, Mississippi, and resides at Post Office Box 1055, Belzoni, Mississippi 39038. Plaintiff obtained a general power of attorney over Annie M. Haymore on or about December 30, 2008 (See Exhibit "A").

2.      Resident, ANNIE M. HAYMORE, was and is at all times material to this lawsuit, an adult resident citizen of the City of Belzoni, Humphreys County, Mississippi. Annie M. Haymore was at all times material to this lawsuit cognitively impaired with memory problems.

3.      MAXINE HAYMORE is the daughter of ANNIE M. HAYMORE.

4.      Upon information and belief, Defendant, CHADWICK NURSING & REHABILITATION CENTER was and is a for-profit domestic corporation engaged in business in Hinds County, Mississippi with its principal place of business located at 1900 Chadwick Drive, Jackson, Mississippi 39204 and may be served with legal process by serving the Administrator, Paula Hazel, who is located at 1900 Chadwick Drive, Jackson, Mississippi 39204.

5.      Upon information and belief, Defendant, CHADWICK NURSING & REHABILITATION CENTER, LLC, was and is a for-profit domestic corporation engaged in the operation, management, ownership and/or control of Chadwick Nursing & Rehabilitation Center located in Hinds County, Mississippi with its principal place of business located at 1900 Chadwick Drive, Jackson, Mississippi 39204 and may be served with legal process by serving: (1) the Administrator, Paula Hazel, who is located at 1900 Chadwick Drive, Jackson, Mississippi 39204; (2) the registered agent for service of process, Corporation Service Company, 506 South President Street, Jackson, Mississippi 39201.

6.      Upon information and belief, Defendant, AURORA CARES, LLC, was and is a for-profit domestic corporation engaged in the operation, management, ownership and/or control of Chadwick Nursing & Rehabilitation Center located in Hinds County, Mississippi, with its principal place of business located at 3690 Southwestern Boulevard, Orchard Park, New York 14127 and may be served with legal process by serving Corporation Service Company, which is located at 506 South President Street, Jackson, Mississippi 39201.

7.      Upon information and belief, Defendant, AURORA HEALTHCARE, LLC was and is a for-profit domestic corporation engaged in the operation, management, ownership and/or control of Chadwick Nursing and Rehabilitation Center located in Hinds County, Mississippi, with its principal place of business located at 3690 Southwestern Boulevard, Orchard Park, New York

14127, and may be served with legal process by serving Corporation Service Company, which is located at 506 South President Street, Jackson, Mississippi 39201.

8.      That the Defendants, CORPORATIONS A-G, JANE DOES A-G, and JOHN DOES A-G, are fictitious parties as defined in Rule 9(h) of the Mississippi Rules of Civil Procedure, and are unknown to the Plaintiffs at this time.  Plaintiffs sue such Defendants by their fictitious names and will amend this Complaint to show their true names and capacities when they have been ascertained.  Plaintiffs are informed and believe, and based on such information and belief allege, that each of these Defendants so designated is negligent, comparatively negligent, or otherwise legally responsible for the events and happenings referred to in this Complaint, and negligently, comparatively negligently, or otherwise unlawfully caused the injuries and damages alleged in this Complaint.

## JURISDICTION AND VENUE

9.      This cause of action arises in tort and as a result of injuries and damages proximately caused by the Defendants' negligence in the City of Jackson, Hinds County, Mississippi, which resulted in Annie Haymore's injuries and damages.    Plaintiff has complied with all statutory conditions precedent or concurrent with bringing this action.  Plaintiff has provided Defendants with legally sufficient pre-suit notice of their intent to institute these proceedings pursuant to Mississippi law.  See Letter dated June 23, 2011 to Defendants attached hereto as Exhibit "B." Plaintiffs attach as Exhibit "C" to this Complaint the Certificate of Expert Consultation as required by Miss.Code.Ann. §11-1-58.

10.      This Court is a proper venue for litigation of all issues in controversy since this cause of action occurred or accrued in the City of Jackson, Hinds County, Mississippi, and Defendants reside in Hinds County, Mississippi.

11.     This Court has jurisdiction over the parties and the subject matter involved, pursuant to Miss. Code Ann. §9-7-81 (1982), as Plaintiffs are seeking damages in excess of the minimum jurisdictional limits of this Court. Further, this Court has personal jurisdiction over the Defendants. The Defendants are located in the State of Mississippi, they conduct business in the State of Mississippi, and the location of their business is in Hinds County, Mississippi.

FACTS

15.     Annie Haymore entered Defendants' facility on approximately July 29, 2009.

16.     Defendants' employees, agents and staff had a long standing understanding of the risk of pressure sores and related injuries to Annie Haymore.  Upon admission to Defendants' facility, Annie Haymore had no pressure sores or infections and no history of pressure sores for 90 days prior to admission.

17.     After admission to Defendants' facility Annie Haymore experienced pressure sores, infections, gangrene, amputation of a lower extremity, pain, lack of care, lack of attention, lack of safety and security, lack of supervision, lack of treatment, as well as a complete failure by Defendants to meet the applicable standard of care while under the supervision, custody and control of employees, agents and staff of Defendants.

18.     At all times relevant, Defendants herein either were fully aware of and/or should have been aware of Annie Haymore's medical condition and the care she required when they undertook to take care for her special needs.  Defendants held themselves out to being (1) skilled in the performance of nursing, rehabilitative care, medical, and other medical support services; (2) properly staffed, supervised and equipped to meet the total needs of its resident, especially Plaintiff; (3) able to meet the total nursing home, medical and physical therapy needs of Plaintiff; and (4) licensed and complying with all rules, regulations, statutes, standards, and laws of the State of

Mississippi established for nursing homes, nursing home licensees, nursing home administrators, and nurses.

19.     Costs associated with paying employees are the largest expenses in operating a nursing home.  In addition, the nursing staff – including nursing assistants – represents the majority of all staff within a nursing home.

20.     State statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, Mississippi Minimum Standards for Nurse Aides, Mississippi Nurse Practices Act and Mississippi Department of Health regulations applicable to nursing home facilities require nursing homes to provide sufficient staffing to meet the needs of residents.  Further, they mandate that each resident receive, and that each facility protect and promote the public welfare by providing for the development, establishment and enforcement of certain standards in the maintenance and operation of institutions for the aged or infirm which will ensure safe, sanitary and reasonably adequate care of individuals in such institutions.

21.     Mississippi state statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, as well as the Mississippi Department of Health regulations mandate that nursing homes provide a minimum of 2.8 hours of direct hands-on nursing care per patient, per day.

22.     Defendants carelessly, recklessly, negligently, and systematically failed to provide both adequate and qualified staffing, as well as the minimum number of hours of direct hands-on nursing care per patient, per day in its nursing home facility in an effort to lower labor expenses and maximize profits.

23.     Mississippi state statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, as well as the Mississippi Department of Health regulations mandate that Defendants care for their residents in a manner and provide an environment that maintains each resident's dignity and respect in full recognition of his or her individuality.   Understaffing and

unqualified staffing in their nursing home facility deprives residents of their dignity and respect in violation of the law.

24.     Mississippi state statutes, Mississippi Minimum Standards for Institutions for the Aged or Infirm, as well as the Mississippi Department of Health regulations impose numerous requirements on Defendants and their resident care including, but not limited to, requirements regarding the following:

|       |                                                                  |
|-------|------------------------------------------------------------------|
| i.    | reporting resident injuries of unknown origin to state authorities; |
| ii.   | resident assessment and care planning;                           |
| iii.  | nutrition;                                                       |
| iv.   | diabetes and wound care;                                         |
| v.    | infection control;                                               |
| vi.   | abuse and neglect policies and reporting procedures; staffing;   |
| vii.  | appropriate drug therapies;                                      |
| viii. | appropriate mental health services;                              |
| ix.   | provision of basic care needs;                                   |
| x.    | incontinence care;                                               |
| xi.   | resident rights and restraint use;                               |
| xii.  | activities of daily living ("ADL") care;                         |
| xiii. | therapy services;                                                |
| xiv.  | quality of life, including accommodation of needs and activities; |
| xv.   | assessment of patient competence to make treatment decisions.    |

25.     Defendants failed to discharge their obligations of care to Annie Haymore.  As a direct and/or proximate result of their failures, acts and/or omissions, Annie Haymore suffered unnecessary, avoidable and accelerated deteriorations of health, pressure sores, infections, gangrene,

amputation of lower extremity, pain and suffering, lack of care, lack of attention, lack of safety and security, lack of supervision, lack of treatment, as well as other injuries and damages to be shown at trial.

26.     Annie Haymore experienced multiple pressure sores due to the Defendants failure to meet the applicable standard of care.

27.     Annie Haymore experienced infections due to the Defendants failure to meet the applicable standard of care.

28.     Annie Haymore's leg was amputated on February 2, 2010, as a proximate result of the Defendants failure to meet the applicable standard of care.

29.     Annie Haymore was mistreated and neglected as evidenced by the severe pressure sores suffered by her, as well as the infections and subsequent amputation.

30.     Annie Haymore experienced these pressure sores, infections, falls, and amputation while under the supervision, custody and control of employees, agents and staff of Defendants.

31.     The quality of care provided to Annie Haymore by Defendants was substandard, pursuant to §§141.01 and 142.02 of Title 15 of the Mississippi Department of Health, Part III – Office of Health Protection, Subpart 01 – Health Facilities  Licensure and Certification, Chapter 45 – Minimum Standards for Institutions for the Aged or Infirm.

### DEFENDANTS' ACTS OF NEGLIGENCE, MEDICAL MALPRACTICE AND DEVIATIONS FROM THE STANDARD OF CARE

32.     The averments of paragraphs one through thirty-one are incorporated herein.

33.     Defendants owed a duty to residents such as Annie Haymore of reasonable care, as well as care, treatment, and services within the recognized standards of acceptable professional practice.

34.     Defendants owed Annie Haymore a duty to protect and promote the public welfare by providing for the development, establishment and enforcement of certain standards in the

maintenance and operation of their medical practice, rehabilitation practice, nursing practice, and/or institution for the aged or infirm, which would have insured safe, sanitary and reasonably adequate care of Annie Haymore in and/or by such institutions.

35.     Defendants owed Annie Haymore a duty to adhere to the recognized standards of acceptable professional practice, as provided under Mississippi state statute; MCA §§43-11-1 et seq; MCA §§43-47-1 et seq.; MCA §§73-15-1 et seq.; The Mississippi Department of Health's Minimum Standards for Institutions for the Aged or Infirm; The Mississippi Department of Health's Minimum Standards for Certified Nurse Aides; and the Mississippi Nurse Practices Act.

36.     Defendants deviated from the recognized standard of acceptable professional practice in the following ways:

a.     Failure to provide Annie Haymore with a safe environment;

b.     Failure to properly train, to supervise, and to provide adequately trained staff in sufficient numbers in order to furnish reasonable, safe, efficient, and effective care to Annie Haymore, in accordance with the applicable standard of care, as well as state and federal laws and regulations;

c.     Failing to properly staff their facility with sufficient numbers of professional and nonprofessional staff to protect Annie Haymore from injury and neglect;

d.     Failing to exercise the duty of care owed to Annie Haymore;

e.     Failing to recognize the dangers associated with residents such as Annie Haymore;

f.     Failing to properly supervise and care for Annie Haymore;

g.     Failing to properly budget the facility to provide adequate staffing and supplies;

h.     Failure of corporate and management agents to properly staff, hire, budget, and train the facility's employees to ensure that Annie Haymore was provided the appropriate level of care that she required; and

i.  Failure to promulgate rules, regulations, protocols or procedures so as to cause employees and all persons conducting business within their respective premises to provide care to Annie Haymore within accepted standards;

j.  Failure to promulgate rules, regulations, protocols or procedures so as to care for, control and protect nursing home residents from foreseeable problems with faulty, inconsistent and insufficient documentation;

k.  Failure to adhere to the standard of care required to properly screen potential employees;

l.  Failure to document and monitor Annie Haymore's condition as required by the Defendants' own policies and procedures;

m.  Failure to detect and report changes, including significant changes in Annie Haymore's condition to medical providers and to her family;

n.  Failure to properly document care and/or the lack thereof to Annie Haymore during her admission with Defendants;

o.  Failure to prevent the occurrence of pressure sores;

p.  Failure to heal the pressure sores suffered by Annie Haymore;

q.  Failure to properly care for pressure sores;

r.  Failure to prevent infections;

s.  Failure to prevent gangrene;

t.  Failure to prevent amputation of one of Annie Haymore's lower extremities;

u.  Such other acts or omissions that may be proven through discovery or at trial.

37.  At all times relevant hereto, Defendants knew or should have known that they had breached the direct and non-delegable duties owed to Annie Haymore to use reasonable care in maintaining safe and adequate facilities and equipment, to select and retain competent physicians

and/or nurses to oversee all personnel who practice medical services within its premises as to patient care and to formulate and enforce adequate rules and policies to ensure quality care for patients. As a direct and/or proximate result of said negligence, medical malpractice, and deviations from the applicable standard of care, Annie Haymore suffered damages, and harm, as set forth herein.

38.    At all times relevant hereto, Defendants were on constructive and actual notice that Annie Haymore's condition involved a heightened risk, and despite being on notice of his condition, the Defendants did nothing to deter or prevent Annie Haymore from injury and damages from such conditions. As a direct and/or proximate result of said negligence, medical malpractice, and deviations from the applicable standard of care, Annie Haymore suffered damages and harm as set forth herein.

RESPONDEAT SUPERIOR

39.    The averments of paragraphs one through thirty-eight are incorporated herein.

40.    Defendants are responsible for the acts and omissions, including the negligence, medical malpractice, and deviations from the applicable standard of care of its employees and agents under the theory of respondeat superior.

41.    The negligence of Defendants, which breached the applicable standard of care owed to Annie Haymore, directly and/or proximately caused Annie Haymore great harm and damages, as set forth herein. Such negligence is imputed to the Defendants.

RES IPSA LOQUITUR

42.    The averments of paragraphs one through forty-one are incorporated herein.

43.    Beginning on July 29, 2009, and at all times mentioned in this Complaint, the care of Annie Haymore was under the exclusive management and control of Defendants.

50.    The averments of paragraphs one through forty-nine are incorporated herein.

51.     Defendants' omissions, conduct, breaches, failures and negligence were grossly negligent and/or were in conscious, willful, wanton and reckless disregard of the safety of Annie Haymore, thereby justifying an award of punitive damages against Defendants.   The acts of Defendants were deliberate because they were part of a willful, careless, and reckless scheme or course of conduct that made the inhumane treatment and inadequate patient care of Annie Haymore inevitable.   Said acts on the part of Defendants evidenced a wanton disregard for the health, safety, dignity and respect of Annie Haymore.   Defendants should be held liable for punitive damages as well as attorney's fees pursuant to Miss. Code Ann. §11-1-65 (1972, as amended).   Defendants should be assessed with punitive damages in an amount sufficient to punish the Defendants, to deter Defendants from engaging in similar conduct in the future, and to serve as an example.

## INJURIES AND DAMAGES

52.     The averments of paragraphs one through fifty-one are incorporated herein.

53.     As a direct and proximate result of the negligent acts or omissions and willful and wanton conduct of the Defendants and/or their employees and/or agents, Annie Haymore was caused to suffer certain harms, losses, injuries, and damages, including but not limited to:

   a.     Pressure sores;

   b.     Infections;

   c.     Gangrene;

   d.     Amputation of lower extremity;

   e.     Physical sickness, diminishment of health and medical expenses;

   f.     Mistreatment;

   g.     Nursing expenses;

   h.     Hospital expenses;

   i.     Mental anguish;

j.       Physical pain and suffering;

k.       Fear; and

l.       Medical or special damages associated with the above pressure sores.

54.      As a direct and proximate result of Defendants' negligence, Plaintiff, Maxine Haymore, as attorney-in-fact for Annie Haymore, is entitled to recover damages for all such injuries caused by Defendants' negligence and/or gross  negligence to the fullest extent allowed by Mississippi law.

## TRIAL BY JURY

55.      The averments of paragraphs one through fifty-four are incorporated herein.

56.      Plaintiff respectfully requests a jury to try this civil action.

## NON-WAIVER OF TRIAL BY JURY AND REMEDIES

57.      The averments of paragraphs one through fifty-six are incorporated herein.

58.      Although Plaintiff recognizes that Mississippi law "caps" non-economic damages at $500,000, unless other insurance is available, Plaintiff would allege and aver that they are not waiving their right to provide the Court with memoranda of law at a later time regarding the unconstitutionality of such limitations.

WHEREFORE, PREMISES CONSIDERED, Plaintiff sues Defendants for the following:

(1)      Compensatory damages in an amount to be determined by the Court, but in excess of this Court's minimum jurisdictional limits;

(2)      Psychological and emotional trauma, distress, worry, anxiety, and mental suffering;

(3)      Physical pain and suffering;

(4)      Fraudulent documentation;

(5)      Uncleanliness;

(6)     Pressure sores;

(7)     Infections;

(8)     Gangrene;

(9)     Amputation of lower extremity;

(10)    Mistreatment and Abuse;

(11)    Delays in treatment;

(12)    Inaccurate assessments;

(13)    Physical sickness and diminishment of health;

(14)    Medical, nursing, and funeral expenses;

(15)    **Punitive damages;**

(16)    An award of post-judgment interest as allowed by law;

(17)    An award of costs herein; and

(18)    For all such other and further relief, general and specific, legal and

equitable, to which Plaintiffs are entitled.

RESPECTFULLY SUBMITTED, this the 10th day of January, 2012.

> ANNIE M. HAYMORE, BY AND THROUGH
> MAXINE HAYMORE, AS ATTORNEY-IN-FACT,
> Plaintiff
>
>
> J. HOWARD THIGPEN, ESQ. (99690)
>
> **MORGAN & MORGAN**
> One Jackson Place, Suite 777
> 188 East Capitol Street
> Jackson, Mississippi  39210
> (601)949-3388 – telephone
> (601)949-3399 – facsimile

**GENERAL**
**POWER OF ATTORNEY**

2009. 1
Recorded in the Above
PDA Book & Page
01-05-2009 05:04:19 PM
Dorothy Jean Ford-Smith, Ch Clerk
Holmes County, MS

KNOW ALL MEN BY THESE PRESENTS, that I, **ANNIE M. HAYMORE**, an

adult resident citizen of Holmes County, Mississippi residing at 1286 Hwy. 12, Belzoni, MS

39038, have made, constituted and appointed and by these presents do make, constitute and

appoint **MAXINE HAYMORE**, my daughter, my true and lawful attorney in fact to act

for me and in my name, place and stead to do and perform any act which I may be entitled

to perform regarding any and all matters including but not limited to managing or making

withdrawals, either in whole or in part, from my deposit accounts at financial institutions and

to the sale, lease, mortgage and purchase of any property real or personal with full authority

to execute all deeds, mortgages, leases, receipts, closing statements, and other documents in

connection with the sale, mortgage, lease or purchase of any such property and to do any and

all other acts and deeds desired or necessary including the right to waive any Homestead

rights I may have in said property, giving and granting unto my said attorney full power to

do and perform any act that I may myself do and perform, with power and authority to do and

perform all and every act required and necessary to be done in and about the premises, and

I do hereby ratify and confirm all that my said attorney shall lawfully do. I hereby direct that

this Power of Attorney so granted shall not be affected by any subsequent disability or

incompetence I may suffer in the future, and that same shall continue in full force and effect

for all purposes.

WITNESS MY SIGNATURE this the _30th_ day of December, 2008.

Witnessed by _Tyneiseca Epps_

_Tyneiseca Epps_

_ANNIE M. HAYMORE_

CERTIFIED A TRUE COPY OF THE
ORIGINAL FILED IN MY OFFICE
THIS 5th DAY OF March 2011
DOROTHY JEAN FORD, CHANCERY CLERK
HOLMES COUNTY, MISSISSIPPI
BY _Mary A. Olivia_ D.C.

**Exhibit**
**A**

2009    2
Recorded in the Above
POA  Book & Page
01-05-2009 05:04:19 PM
Dorothy Jean Ford-Smith, Ch Clerk
Holmes County, MS

**STATE OF MISSISSIPPI**

**COUNTY OF HOLMES**

PERSONALLY appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named ANNIE M. HAYMORE, personally known to me to be the person whose name is subscribed to this instrument, who acknowledged to me that he signed and delivered the above and foregoing instrument of writing as his free act and will on the day and year therein mentioned. I declare under the penalty of perjury that the person whose name is subscribed to this instrument appears to be of sound mind and under no duress, fraud or undue influence.

GIVEN under my hand and official seal this the 30ᵗʰ day of December, 2008.

NOTARY PUBLIC
My Commission Expires August 6, 2011

Book/Pg: 2009/1
Term/Cashier: HCCH01 / MARY
Trans: 1612 022215764
Recorded: 01-05-2009 17:04:34
POA Power of Attorney
Holmes County, MS
I certify this instrument was filed on
01-05-2009 05:04:19 PM
and recorded in POA Book
2009 at pages 1 - 2
Dorothy Jean Ford-Smith, Ch Clerk

STATE OF MISSISSIPPI
LATASHA C. CLARK
NOTARY PUBLIC
ID# 98434
Commission Expires
August 6, 2011
HINDS COUNTY



**MORGAN & MORGAN®**

A LIMITED LIABILITY COMPANY

*Attorneys*
*At Law*

SUITE 777
ONE JACKSON PLACE
188 E. CAPITOL STREET
JACKSON, MS 39201
(601) 949-3388
FAX: (601) 949-3399

June 23, 2011

VIA CERTIFIED & U.S. MAIL

(1064688)
Chadwick Nursing & Rehabilitation Center
Attn:   Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi 39204

Chadwick Nursing & Rehabilitation Center, LLC
Attn:   Corporation Service Company, Registered Agent
506 South President Street
Jackson, Mississippi 39201

Aurora Healthcare, LLC d/b/a Tara Healthcare
Attn:   Corporation Service Company, Registered Agent
506 South President Street
Jackson, Mississippi 39201

Aurora Cares, LLC d/b/a Tara Cares
Attn:   Corporation Service Company, Registered Agent
506 South President Street
Jackson, Mississippi 39201

RE:   Resident:          Annie Haymore
      Social Security No:  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
      Date Of Birth:      January 21, 1930
      Damages Sought:     $500,000.00 plus medical expenses, pain and
                          suffering, and mental anguish
      Date Entered Facility: Unknown
      Power of Attorney:  December 30, 2008 – Attached

**Exhibit B**

www.forthepeople.com

JACKSON, MS   DAVIE   ST. PETERSBURG   TAVARES   FT. MYERS   ORLANDO   KISSIMMEE   TAMPA   ATLANTA   JACKSONVILLE   MEMPHIS   WINTER HAVEN   NAPLES
(601) 949-3388   (654) 318-0288   (727) 490-2001   (352) 253-2700   (239) 433-6880   (407) 420-1414   (407) 452-6990   (813) 223-5505   (404) 965-8811   (904) 398-2722   (901) 217-7000   (863) 291-0428   (239) 688-4300

KELLY A. AMRITT
JAMES R. ARNOLD, JR.
RUSSELL E. ANTILLE
DANESE K. BANKS ~
H. SCOTT BATES
RICHARD W. BATES
JENNIFER M. BERMEL°
ALEXANDER BILLIAS
T. LEE BODIE
SCOTT T. BORDERS †
GREGORY J. BOSSELER †
WILLIAM B. BOWLES, JR.
ANDREW M. BRAGG
CHAD T. BRAZZEAL
ADAM BRUM
JOSEPH R. BRYANT †
DONALD W. BUCKLER ◆
NICHOLAS A. BUONICONTI, III
JAMES S. BYRD
TUCKER H. BYRD ◊
KEVIN J. CARDEN
BRUCE H. CARRAWAY, III ***
BEVERLY A. CARSON ***
KEITH M. CARTER †
MICHAEL J. CARTER
RICHARD B. CELLER
ALEXANDER M. CLEM
RONALD C. CONNER ***
WILLIAM R. DANIEL ◉
VINCENT M. D'ASSARO †
MICHAEL L. DAVIS
CLAY A. DEATHERAGE
JOSEPH M. DEFRANCO
LOUIS A. DEFREITAS, JR.
JOHN W. DILL †
ANDRE F. DUCOTE ****
JAMES J. DYE
TYLER B. EVERETT
ANDREW P. FELIX
ALBERT J. FERRERA
WILLIAM FINN
GREGORIO A. FRANCIS
ANDREW FRISCH ¤
PETER B. GEE, JR. ◊
JASON W. GELINAS
TAMRA C. GIVENS
STEVEN C. GODDARD
ALAN GOODMAN ▣
MICHAEL GOETZ
CHRISTOPHER J. GRADDOCK ***
C. DOUGLAS GREEN
JOHN HALL ✻
JENNIFER J. HALPERN ‡
RYAN J. HAYES
LAUREN C. HEATWOLE
DAVID G. HENRY
LAUREN R. HEROLD
MATTHEW I. HETZEL
CHRISTOPHER J. HINCKLEY
HERBERT H. HOFMANN II
WILLIAM P. HOWARD
KATHERINE W. HUNG,****
MARTIN J. JAFFE
HEATHER H. JONES
VELMA L. JONES
STEPHEN R. KANZER
SUMEET KAUL §
JAMES W. KEETER
JAMES J. KELLEHER ^ ‡
HANS KENNON
STEPHEN J. KNOX †
DARRELL W. KROPOG, JR.
FRANK C. KRUPPENBACHER
GERALD L. KUCIA
RYAN C. KUHL
GRANT A. KUVIN
MARK A. LAMBERT ⅄
ARMANDO T. LAURITANO §
CLINT M. LAVENDER
CARLOS V. LEACH
JARED M. LEE
JASON R. LEONARD ***
NANETTE A. LEVI *
JOSEPH A. LINNEHAN †
JAMES T. LYNCH
MICHAEL D. MARRESE ◆
BOBBY F. MARTIN, JR. ⅃
KATHERINE M. MASSA *
BERNARD R. MAZAHERI ▣
TODD K. MAZIAR ▣
BRIAN K. McCLAIN
DAVID A. McLAUGHLIN +
J. ANDREW MEYER
JUSTIN D. MILLER ***
JASON S. MILLER
TODD K. MINER
W. CLAY MITCHELL, JR.
KEITH R. MITNIK † ◊
BRIAN F. MOES
DAVID B. MOFFETT †
CHARLES T. MOORE
HECTOR A. MORE †
C. RYAN MORGAN

ULTIMA D. MORGAN
DAVID H. MOSKOWITZ ***
HENRY P. MOWRY
OMAR L. NELSON ***
DANIEL J. NEWLIN △
CHRISTOPHER H. HEYLAND****
KEENAN R.S. NIX † ***
A. SCOTT NOECKER
DAVID S. OLIVER
DONNY A. OWENS
NICHOLAS P. PANAGAKIS
R.A. PATTERSON, III
KIRK A. PERROW
FRANK M. PETOSA
RONSON J. PETREE
JOHN M. PHILLIPS☐
FRANK W. PIAZZA
REYNOLDS E. PITTS, JR.
DAMIEN H. PROSSER
GREGORY D. PRYSOCK †
CHRISTOPHER V. PULEO
J. CARLOS REAL ^
MICHAEL T. REESE
GARRY J. RHODEN ◉
DAVID I. RICKEY *
JUSTIN M. ROSS ◊
DARRYL E. ROUSON
PAUL L. SANGIOVANNI ✓
RANDY E. SCHIMMELPFENNIG †
JAMES M. SCHMITT
P. CHRIS SCHROEDER
MEGAN D. SEARLS
ANDREW SERANO *
JOSEPH H. SHAUGHNESSY
DANIEL W. SHEPPARD †
W. BRYAN SMITH ◉◉
MICHAEL J. SMITH †
RACHEL L. SOFFIN
DAVID A. SPAIN
DEIRDRE M. STEPHENS-JOHNSON***
CRAIG R. STEVENS †
CRAIG O. STEWART
L. CHRIS STEWART ***
MICHAEL F. SUTTON †
JOSEPH M. TARASKA †
J. HOWARD THIGPEN
RANDAL H. THOMAS *
NICHOLAS R. THOMPSON
HARRAN E. UDELL
BERT E. UEBELE, IV
SCOTT J. URICCHIO
BASIL A. VALDIVIA
BRIAN C. VIGNESS †
IVAN D. VORONEC *
BILL M. WADE +
SCOTT WM. WEINSTEIN
J. DENNIS WEITZEL † ◊
MATTHEW B. WHEELEY
SCOTT M. WHITLEY † ◉
BRADFORD T. WILLARD

OF COUNSEL
MICHAEL ESPY *****
MICHAEL K. HOUTZ
J. MICHAEL PAPANTONIO
CLAY M. TOWNSEND
MARK J. PROCTOR

†     BOARD CERTIFIED
      CIVIL TRIAL LAWYER
*     BOARD CERTIFIED WORKERS'
      COMPENSATION LAWYER
**    ALSO LICENSED IN ARIZONA
***   LICENSED IN GEORGIA ONLY
****  LICENSED IN MISSISSIPPI ONLY
^     LICENSED IN NEW YORK
‡     LICENSED IN GEORGIA
△     LICENSED IN ILLINOIS
▪     LICENSED IN AL, GA, MS & TN
▫     LICENSED IN TEXAS
¤     LICENSED IN NY & NJ
⅄     LICENSED IN TN & AR
⅃     LICENSED IN TN & MS
*     LICENSED IN MO & IL
▣     LICENSED IN MS & LA
☐     LICENSED IN MS & TN
□     LICENSED IN TEXAS ONLY
◻     LICENSED IN TN, AR & MS
◉◉    LICENSED IN TENNESSEE ONLY
+     LICENSED IN ILLINOIS ONLY
◊     LICENSED IN TN & MS ONLY
◉     LICENSED IN AR, TN, MS, KY & FL
◇     LICENSED IN NORTH CAROLINA
✻     ALSO LICENSED IN CALIFORNIA
▣     ALSO LICENSED IN GEORGIA
◆     ALSO LICENSED IN TENNESSEE
✦     ALSO LICENSED IN ILLINOIS
§     ALSO LICENSED IN NEW YORK
Ω     ALSO LICENSED IN NEW JERSEY
Ω     ALSO LICENSED IN AL & GA
◉◉    ALSO LICENSED IN DC & OK
✓     BOARD CERTIFIED
      CONSTRUCTION LAW

## NOTICE OF CLAIM
## & NOTICE OF LITIGATION HOLD

Dear Sir or Madam:

This letter provides you with written notice, pursuant to Miss. Code Ann.§15-1-36(15), that this law firm has been retained by Maxine Haymore on behalf of Annie Haymore to pursue a claim stemming from the care Mrs. Haymore received while a resident at Chadwick Nursing & Rehabilitation Center (or related entities as listed above) in Jackson, Mississippi from approximately July of 2009 through till February of 2011. This letter puts you on notice of our representation, the claims against you, and our intention to begin legal action. Please provide a copy of this letter to all your insurance carriers, as well as any owner, operator, affiliate, parent or subsidiary either directly or indirectly involved in the care and treatment of residents at Chadwick Nursing & Rehabilitation Center (or any of the other entities listed above).

As well, this letter provides you with **WRITTEN NOTICE** to place a **LITIGATION HOLD** on any and all documents, papers, medical records, decubitis ulcer/pressure sore records, fall records, burn records, aspiration records, hydration records, nutrition records, PEG tube records, personnel files, quality assurance documents (including, but not limited to records, notes, minutes, documents, and/or photos), high risk management documents (including, but not limited to records, notes, minutes, documents, and/or photos), accident and/or incident documents (including, but not limited to reports, records, notes, minutes, investigation, documents, and/or photos), fall prevention meeting documents (including, but not limited to records, notes, minutes, documents, investigation, reports, witness lists, and/or photos), bed alarms, wheelchair alarms, body alarms, call lights, wheelchairs, lifts, as well as any and all other documents, devices, or other matters pertaining in any way to the residency, treatment, care, quality of care, quality assurance for care, and/or services or the lack thereof for the above-named resident.

This letter shall also serve as our formal request for a **WRITTEN DESTRUCTION LOG**, containing an identification of any and all documents, papers, medical records, personnel files, quality assurance documents (including, but not limited to records, notes, minutes, documents, and/or photos), high risk management documents (including, but not limited to records, notes, minutes, documents, and/or photos), accident and/or incident documents (including, but not limited to reports, records, notes, minutes, investigation, documents, and/or photos), bed alarms, wheelchair alarms, body alarms, call lights, wheelchairs, lifts, as well as any and all other documents, devices, or other matters pertaining in any way to the residency, treatment, care, and/or services or the lack thereof for the above-named resident, which were destroyed prior to your receipt of this **NOTICE**.

As you know, Mrs. Haymore was a former resident of Chadwick Nursing & Rehabilitation Center and left your facility in February of 2011. Beginning in

April of 2011, we made numerous requests upon your facility for the records pertaining to the care and treatment of Annie Haymore. Our requests for records have been ignored. Despite our repeated efforts to obtain these records, we have not received them. As such, we are putting you on notice of the claims against you based upon the information that we have available at this time. We believe the legal basis for and the types of losses sustained in this claim are generally the neglect, abuse, medical malpractice, negligent retention and supervision, wrongful death, common law negligence, and any applicable statutory violations, which were the result of multi-faceted failures in the care and treatment of Mrs. Haymore by your facility, its owners, officers, agents and employees, who were not properly trained, qualified and/or supervised.

Maxine Haymore is the daughter of Annie Haymore. Further, a Power of Attorney has been duly executed and witnessed and is attached hereto. Maxine Haymore resides at P.O. Box 1055, Belzoni, Mississippi 39038, which is the same residence for Annie Haymore.

The claims asserted against you will be both direct and vicarious through your nurses, nursing assistants, agents, and contractors. You were on notice of the fact that Mrs. Haymore required assistance with her activities of daily living, but you failed to properly assess, care plan, and supervise her which resulted in, among other things, pressure sores, gangrene, infection, uncleanliness (throughout her residency), mistreatment, abuse, amputation, delays in treatment, and inaccurate assessments.

The above injuries resulted in excruciating pain and suffering, mental anguish, emotional distress, as well as a conscious decision on the part of the nursing home and its corporate owner(s) to understaff, underfund, and fail to properly train its staff and contractors.

Please be advised that we intend to file a lawsuit on the behalf of Annie Haymore against Chadwick Nursing & Rehabilitation Center, as well as the other entities listed above, after the expiration of the sixty-day period required by Mississippi law, and such other persons and/or entities as we determine may have caused or contributed to Mrs. Haymore's injuries. My client demands to be compensated both Five Hundred Thousand Dollars ($500,000.00) for non-economic damages, which is the maximum amount allowed under Mississippi law, unless additional insurance coverage exists for the entities listed above, in addition to her economic damages incurred and/or to be incurred.

If you have any further comments or questions, please give me a call.

With kind regards, I am

Sincerely,

J. Howard Thigpen

Enclosures (as stated)
JHT/br

c:      Client

2009    1
Recorded in the Above
PDA  Book & Page
01-15-2009 05:04:19 PM
Dorothy Jean Ford-Smith, Ch Clerk
Holmes County, MS

# GENERAL
# POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that I, **ANNIE M. HAYMORE**, an

adult resident citizen of Holmes County, Mississippi residing at 1286 Hwy. 12, Belzoni, MS

39038, have made, constituted and appointed and by these presents do make, constitute and

appoint **MAXINE HAYMORE**, my daughter, my true and lawful attorney in fact to act

for me and in my name, place and stead to do and perform any act which I may be entitled

to perform regarding any and all matters including but not limited to managing or making

withdrawals, either in whole or in part, from my deposit accounts at financial institutions and

to the sale, lease, mortgage and purchase of any property real or personal with full authority

to execute all deeds, mortgages, leases, receipts, closing statements, and other documents in

connection with the sale, mortgage, lease or purchase of any such property and to do any and

all other acts and deeds desired or necessary including the right to waive any Homestead

rights I may have in said property, giving and granting unto my said attorney full power to

do and perform any act that I may myself do and perform, with power and authority to do and

perform all and every act required and necessary to be done in and about the premises, and

I do hereby ratify and confirm all that my said attorney shall lawfully do. I hereby direct that

this Power of Attorney so granted shall not be affected by any subsequent disability or

incompetence I may suffer in the future, and that same shall continue in full force and effect

for all purposes.

WITNESS MY SIGNATURE this the 30th day of December, 2008.

Witnessed by _Tyneiseca Epps_
Tyneiseca Epps

ANNIE M. HAYMORE

CERTIFIED A TRUE COPY OF THE
ORIGINAL FILED IN MY OFFICE
THIS 5th DAY Jr March 2011
DOROTHY JEAN FORD, CHANCERY CLERK
HOLMES COUNTY, MISSISSIPPI
BY _Mary A. Olive_ D.C.

**STATE OF MISSISSIPPI**

**COUNTY OF HOLMES**

2009   2
Recorded in the Above
POA  Book & Page
01-05-2009 05:04:19 PM
Dorothy Jean Ford-Smith, Ch Clerk
Holmes County, MS

PERSONALLY appeared before me, the undersigned authority in and for the aforesaid jurisdiction, the within named ANNIE M. HAYMORE, personally known to me to be the person whose name is subscribed to this instrument, who acknowledged to me that he signed and delivered the above and foregoing instrument of writing as his free act and will on the day and year therein mentioned.  I declare under the penalty of perjury that the person whose name is subscribed to this instrument appears to be of sound mind and under no duress, fraud or undue influence.

GIVEN under my hand and official seal this the 30th day of December , 2008.

NOTARY PUBLIC

My Commission Expires: August 6, 2011

Book/Pg: 2009/1
Tera/Cashier: HCCH01 / MARY
Trans: 16174 2229 15764
Recorded: 01-05-2009 17:04:56
POA Power of Attorney
Holmes County, MS
I certify this instrument was filed on
01-05-2009 05:04:19 PM
and recorded in POA Book
2009 at pages 1 - 2
Dorothy Jean Ford-Smith, Ch Clerk

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    10 64 88

    Chadwick Nursing & Rehab Center
    Attn: Paula Hazel, Administrator
    1500 Chadwick Drive
    Jackson, MS  39204

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Beverly Turner_
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
Beverly Turner

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7011 0110 0000 5000 7548

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    10 64 88

    Chadwick Nursing & Rehab Center, LLC
    Attn: Corp. Svc. Company, Registered Agent
    506 South President Street
    Jackson, MS 39201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature DANNY L. PERRY
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
6/24/11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7011 0110 0000 5004 9005

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

    10 64 88

    Aurora Healthcare, LLC d/b/a Tara Healthcare
    Attn: Corp. Svc. Company, Registered Agent
    506 South President Street
    Jackson, MS 39201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature DANNY L. PERRY
X
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
6/24/11

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)     7011 0110 0000 5004 9012

PS Form 3811, February 2004        Domestic Return Receipt        102595-02-M-1540

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

1 0 4 4 0 88

Aurora Cares, LLC d/b/a Tara Cares
Attn: Corp. Svc. Company, Registered Agent
506 South President Street
Jackson, MS 39201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X    DANNY L. PERRY
☐ Agent
☐ Addressee

B. Received by ( Printed Name)
C. Date of Delivery
6/24/11

D. Is delivery address different from Item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Certified Mail      ☐ Express Mail
☐ Registered         ☐ Return Receipt for Merchandise
☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article Number
(Transfer from service label)

7011 0110 0000 5004 9029

PS Form 3811, February 2004      Domestic Return Receipt      102595-02-M-1540

## ATTORNEY CERTIFICATE OF CONSULTATION

Pursuant to Mississippi Code Annotated Section 11-1-58(1)(a), the undersigned attorney has reviewed the facts of the case and has consulted with at least one (1) expert who is qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence to give expert testimony as to the standard of care or negligence.  The undersigned attorney reasonably believes this expert is knowledgeable in the relevant issues involved in this particular action, and has concluded on the basis of such review and consultation that there is a reasonable basis for the continuation outlined in the above-named action.

RESPECTFULLY SUBMITTED, this the 10th day of January, 2012.


_____
J. HOWARD THIGPEN, ESQ. (99690)

Exhibit
C

**FILED**

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

JAN 10 2012

BARBARA DUNN, CIRCUIT CLERK

BY_____D.C.

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                    PLAINTIFFS

VERSUS                          CIVIL ACTION NO. 251-12-24CIV

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                      DEFENDANTS

NOTICE OF SERVICE

Please take notice that counsel for Plaintiff has this date served on Defendants:

1. *Plaintiffs' First Set of Interrogatories and Requests for Production of Documents Propounded to Defendants, Chadwick Nursing & Rehabilitation Center and Chadwick Nursing & Rehabilitation Center, LLC;*
2. *Plaintiffs' First Set of Interrogatories and Requests for Production of Documents Propounded to Defendants, Aurora Healthcare, LLC and Aurora Cares, LLC;*
3. *Plaintiffs' First Set of Requests for Admissions and Second Set of Request for Production of Documents to Defendants, Chadwick Nursing & Rehabilitation Center and Chadwick Nursing & Rehabilitation Center, LLC;*
4. *Plaintiffs' First Set of Requests for Admissions and Second Set of Request for Production of Documents to Defendant, Aurora Cares, LLC';*
5. *Plai9ntiffs' First Set of Requests for Admissions and Second Set of Request for Production of Documents to Defendant, Aurora Cares, LLC; and*
6. *Plaintiffs' First Set of Requests for Admissions and Second Set of Request for Productioon of Documents to Defendant, Aurora Healthcare, LLC.*

Respectfully submitted this the 10th day of January, 2012.

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-
FACT, Plaintiff

_____
J. HOWARD THIGPEN, ESQ. (99690)

**MORGAN & MORGAN**
One Jackson Place, Suite 777
188 East Capitol Street
Jackson, Mississippi 39210
(601)949-3388 – telephone
(601)949-3399 – facsimile

CERTIFICATE OF SERVICE

I, J. Howard Thigpen, do hereby certify that I have this day caused to be mailed by the

United States Postal Service, postage prepaid, a true and correct copy of the above and foregoing

document to:

CHADWICK NURSING & REHABILITATION CENTER
Attn: Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi 39204

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi 39204

AURORA HEALTHCARE, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

AURORA CARES, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

DATED, this the 10th day of January, 2012.

_____
J. HOWARD THIGPEN, ESQ.

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                     PLAINTIFFS

VERSUS                                    CIVIL ACTION NO. 251-11-771-CIV

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                        DEFENDANTS

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION
OF DOCUMENTS PROPOUNDED TO DEFENDANTS,
CHADWICK NURSING & REHABILITATION CENTER, LLC; AND
CHADWICK NURSING & REHABILITATION CENTER

COME NOW, the Plaintiff, Annie Haymore, by and through Maxine Haymore, attorney-in-fact, pursuant to Rules 26, 33 and 34 of the *Mississippi Rules of Civil Procedure*, and serve the following interrogatories and request for production of documents on the Defendants, Chadwick Nursing & Rehabilitation Center, LLC, and Chadwick Nursing & Rehabilitation Center.  Plaintiffs request that Defendants answer fully, in writing, under oath, the following interrogatories, and respond in writing and produce documents in response to the following request for production of documents, within forty-five (45) days of receipt thereof. Documents are to be produced at the offices of J. Howard Thigpen, Morgan & Morgan, One Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201.

INSTRUCTIONS AND DEFINITIONS

You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of as your own personal knowledge, but also all knowledge that is available to you, your representatives, agents and attorneys to the extent not

privileged, including inquiry of their representatives.

1.     Documents shall mean any written, printed, recorded, graphic, or electronic matter, however produced or reproduced, whether or not privileged, including, but not limited to, records, notes, summaries and analyses, charts, schedules, contracts, agreements, drawings, sketches, drafts, diaries, calendars, reports, memoranda, telephone memoranda, letters, telegrams, telexes, e-mail, electronic data, films, videotapes, diagrams, photographs, slides, working papers, books, meeting minutes and notes, statements, files or other graphic, symbolic, recorded or written materials of any nature whatsoever.

2.     Photographs shall include negatives, prints, transparencies, slides, drawings, videotapes, movies, or other means of depicting the object or person.

3.     Person shall include individuals, partnerships, joint ventures, sole proprietorships, associations, corporations, and any other type of entity.

4.     Incident means the events, occurrences, acts or omissions which are alleged in the complaint to give rise to plaintiff's claim, irrespective of whether the "incident" occurred more than one year prior to plaintiff filing the complaint.

5.     The word identify when used with respect to a person or persons means to state the name, address and telephone number of each person, to note the name of the present employer, place of employment and job title, if any, of each such person, and if such person affiliated at any time with any party to this litigation, by employment or otherwise, to state the nature, including job title, if any, and dates of such affiliation.

6.     The word identify when used with respect to a document means:

   (a)   To specify the nature of the documents;
   (b)   To state the date, if any, appearing on the document or if none, the date upon which such document was prepared;
   (c)   To describe in general the subject matter of the document;
   (d)   To identify each person, if any, who was an addressee thereof, or who examined the documents;

(e)     If it now exists, to identify each person having custody of the documents.

7.     With respect to any document withheld from production due to any claim of work product or attorney client privilege, or any other privilege, list for each such document:

(a)     The type of such document (i.e., memorandum, letter, etc.);
(b)     The author of such document;
(c)     The recipients or persons to whom such document was directed or distributed;
(d)     The date of such document;
(e)     The subject matter of such document;
(f)     The nature of the privilege asserted; and
(g)     The part or portion of the document for which the privilege is asserted.

8.     As used herein your and you refers to you and your agents and/or employees (either past or present).

9.     Employee is defined to mean any person, past or present, who served as an agent and/or employee for you.

10.     "Triple Net" Agreement (or "Full Net" Lease) is defined as real property for a number of different facilities being leased under a single master lease agreement. Typically, the master lease agreement is made with a nursing home company (chain), and each individual nursing home was a separate company that subleased the real estate from its chain.

## INTERROGATORIES

INTERROGATORY NO. 1: Please identify fully all individuals who were both employed at your facility from approximately July 29, 2009 through February 28, 2010, **AND** were assigned to, treated, supervised, monitored and/or helped Annie Haymore. The purpose of this interrogatory is to identify all individuals who either witnessed or had the opportunity to witness the circumstances, events or occurrences, which are relevant to the facts and issues alleged in the Complaint. This interrogatory is intended to include any caregiver or other employee who was in any way involved with the care, treatment, supervision and/or monitoring of Annie Haymore. This is **NOT** a request for the identification of all employees at your facility during the stated time.

INTERROGATORY NO. 2:     State the full name, address, principal place of business, and registered agent for service of process for the individual(s) or entity(ies) who currently owns your facility, as well as the month, day and year that this individual(s) or entity(ies) became the owner.

INTERROGATORY NO. 3:     State the full name, address, principal place of business, and registered agent for service of process for the individual(s) or entity(ies) who owned your facility during the residency of Annie Haymore (July 29, 2009 through February 28, 2010).

INTERROGATORY NO. 4:   State whether each individual identified in response to Interrogatory number 1, who provided any care or services to Annie Haymore is currently an employee of your facility or its ownership.

INTERROGATORY NO. 5:  Please state any facts or knowledge that you may have that support the contention that Plaintiff has failed to state a claim against you.

INTERROGATORY NO. 6:  Please identify fully each employment or nurse staffing agency or consultant utilized by your facility with Annie Haymore from July 29, 2009 through February 28, 2010, for any employment need, including but not limited to nursing, nursing aides or assistants, dietary, housekeeping, or administration. Further, please state the date(s) each agency was utilized.

INTERROGATORY NO. 7:  Please state whether you contend that you have not been correctly served or named as a party within Plaintiff's Complaint.

INTERROGATORY NO. 8:  Are you aware of any care, services or treatment provided to Annie Haymore, which is not documented in the medical chart? If so, please state:

    a)     a full description of the service, care or treatment provided;

    b)     the date on which the service, care or treatment was provided;

    c)     the full name and position of the person who provided the care, service or treatment; and,

    d)     the location of any documentation with regard to the care, service or treatment provided.

INTERROGATORY NO. 9:   For each affirmative defense claimed by you please state all facts which form the basis for each such defense and list all of the documents which you rely on in supporting said defenses.

INTERROGATORY NO. 10: Please state the name, address, and phone number for each lay witness you may call at trial.

INTERROGATORY NO. 11: Please identify each and every document that you may introduce as an exhibit at trial.

INTERROGATORY NO. 12: Please identify each and every document that you may use during opening, closing, or examination of witness, lay or expert, at trial.

INTERROGATORY NO. 13: Please identify each expert witness, in accordance with the guidelines set out both in Rule 26 of the Mississippi Rules of Civil Procedure and in Rule 4.04 of the Uniform Circuit and County Court Rules, whom you may call at trial.

INTERROGATORY NO. 14: Please state for each staff member who cared for, treated, or supervised your resident, Annie Haymore, each and every disciplinary action, suspension, or termination that occurred from July 29, 2009 through February 28, 2010, and the date each such incident or action occurred.

INTERROGATORY NO. 15:   Please state whether a personnel file currently exists for each employee of your facility who cared for, provided services to, monitored, treated, and/or supervised treatment or care being provided by your facility to Annie Haymore from July 29, 2009 through February 28, 2010.

INTERROGATORY NO. 16:  Please state whether any surveys of your facility conducted by the State in 2009 and 2010 contained information or documentation related specifically to Annie Haymore.

INTERROGATORY NO. 17:   Please state whether any of the care, services, or lack thereof provided by you and/or your facility to Annie Haymore was investigated by a State entity or agency, and if so, what was the reason for the investigation, when did the investigation occur, and what was the result of the investigation.

INTERROGATORY NO. 18:   Please identify whether Annie Haymore was ever a part of any state surveys conducted during his time at your facility, and if so, please state what year each survey for which he was a part was conducted.

INTERROGATORY NO. 19:   For July 29, 2009 through February 28, 2010, please identify by the staffing for your facility, as follows:

      (a)      staffing categories (e.g., administrator, registered nurse, licensed vocational nurses, nurses aides, physical therapists, etc.);

      (b)      number of persons required for each such category by shift and facility; and

      (c)      the breakdown of your facility's actual staff numbers for those two months.

INTERROGATORY NO. 20:   For each employee or consultant who filled out any portion of, signed, or initialed the records of Annie Haymore for the relevant time period while she was a resident of your facility, identify the person, the official title and position, and whether the person was employed by this Defendant or some other entity.  If that person is not presently employed by this Defendant or by some other entity, state the person's last known address and present employment, if known.

INTERROGATORY NO. 21:   During the relevant time period of this claim, please identify each individual who reported any accident, injury, incident, or significant change in the medical condition of Annie Haymore to her family and/or to her treating physician, stating the dates of each such reports and the nature of such reports.

INTERROGATORY NO. 22:  If this Defendant contends that some other person or legal entity is in whole or in part liable to the Plaintiff for any act alleged in the Complaint, identify the person or entity and describe in detail the basis for any such liability.

INTERROGATORY NO. 23:  For the time period relevant to this claim identify and provide the information regarding the professional registration, qualifications, licenses held, and/or license numbers, together with title, position, employee, and dates of employment of the following:

  (a)  the Nursing Home Administrator(s) for your facility;

  (b)  the Director(s) of Nursing for your facility;

  (c)  the Assistant Director(s) of Nursing for your facility;

  (d)  Head, Charge, and/or Floor Nurses for the unit, wing section, or floor on which Annie Haymore resided during her stay at said facility;

  (e)  Dietician or Dietary Managers who were consulted or provided any care, instruction or treatment to Annie Haymore.

INTERROGATORY NO. 24: Identify the name and address for each individual or entity that is a member of the board of directors for your facility, and state exactly how long each member has been on the board.

INTERROGATORY NO. 25: State whether counsel for Plaintiff can view the outside and inside of your facility with your legal counsel present, and if so, please provide three available dates for this viewing.

REQUESTS

REQUEST NO. 1:  Copies of any provider agreements between you and any other entity, including, but not limited to, the State of Mississippi as well as any agencies of the federal government during the residency period of Annie Haymore from July 29, 2009 through February 28, 2010.

REQUEST NO. 2:     Produce any written or recorded statements made by Annie Haymore or Annie Haymore's family from July 29, 2009 through to the present.

REQUEST NO. 3:     Any and all facility policies and procedures including any indices and table of contents that were in effect during Annie Haymore's residency from July 29, 2009 through February 28, 2010.

REQUEST NO. 4:     A copy of any contract between your facility and any outside consultants, medical director, therapist, or medical doctor who delivered care, supervision, or services to Annie Haymore.

REQUEST NO. 5:     Copies of any minutes of the Governing Body of your facility during the residency period of Annie Haymore.

REQUEST NO. 6:     Please produce all time schedules/cards for all personnel who rendered any type of care, treatment, or supervision to Annie Haymore during her residency.

REQUEST NO. 7:     A copy of any film, video, recording, book, periodical, material or other documentation that was provided by you or the Training Coordinator of your facility to any nursing personnel or nursing assistants of your facility for purposes of demonstrating, describing or instructing employees on the proper care of residents during 2009 and 2010.

REQUEST NO. 8:     A copy of any and all personnel files for any person who provided care and/or supervised care for Annie Haymore during her residency at your facility.

REQUEST NO. 9:     A copy of any and all employment evaluations of any person, including nursing personnel and nursing assistants, involved in providing care and/or supervising care to Annie Haymore during her residency at the facility from July 29, 2009 through February 28, 2010.

REQUEST NO. 10:    Produce copies of all Medicare and Medicaid cost reports for your facility for 2009 and 2010.

REQUEST NO. 11:   Produce a complete copy of the nursing home records of Annie Haymore, certified as complete and accurate by the records custodian, including her resident chart, photos, financial file, electronic records, incident and investigation file, and administrative file.

REQUEST NO. 12:   Produce a copy of any and all documents supporting your responses to Interrogatories.

REQUEST NO. 13:   Produce a copy of your experts' CV, opinions and reports, as well as any and all documents supporting such opinions and reports.

REQUEST NO. 14:   Produce a copy of any and all documents supporting each and every affirmative defense asserted in your Answer to the Complaint.

REQUEST NO. 15:   Produce a copy of the complete personnel file for each employee, agent, administrator, director of nursing, or consultant of your facility, who cared for, provided services to, monitored, treated, and/or supervised treatment or care being provided by your facility to Annie Haymore from July 29, 2009 through February 28, 2010.

REQUEST NO. 16:   Produce a copy of all surveys of your facility conducted by the State in 2009 and 2010, which contain information or documentation related specifically to Annie Haymore.

REQUEST NO. 17:   Produce a copy of any and all written records, documents, videos, photos, and other materials that you possess concerning all orientation and in-service training sessions provided to and/or received by any and all employees who cared for, provided services to, monitored, treated, and/or supervised treatment or care being provided by your facility to Annie Haymore from July 29, 2009 through February 28, 2010.

REQUEST NO. 18:   Produce a copy of the resident's rights policies and procedures applicable to Annie Haymore from July 29, 2009 through February 28, 2010.

REQUEST NO. 19:   Produce a copy of the declarations page(s) for all insurance policies, including any excess coverage for your facility or its ownership, that are or were applicable to the losses alleged in the Complaint.

REQUEST NO. 20:   Produce a copy of any documents, papers, incident/accident reports, incident/accident investigations, statements, descriptions, photos, pictures, electronic files and/or e-mails concerning your resident Annie Haymore and any fall, fracture, pressure sore, decubitis ulcer, dehydration, and/or malnutrition occurrence, at your facility during her residency.

REQUEST NO. 21:   Produce a copy of any Risk Management Minutes, Notes, and/or Photos, concerning your resident, Annie Haymore, throughout her residency at your facility.

REQUEST NO. 22:   Produce a copy of any In-Service Record Retention during the residency of Annie Haymore at your facility.

REQUEST NO. 23:   Produce a copy of any and all documents, papers, reviews, assessments, or other information related to any bonus received by the Administrator for your facility during the residency of Annie Haymore.

REQUEST NO. 24:   Produce a copy of any and all 24 hour reports concerning your resident, Annie Haymore.

REQUEST NO. 25:   Produce a copy of any and all Incident Log forms concerning your resident Annie Haymore throughout her residency at your facility.

REQUEST NO. 26:   Produce a copy of any and all Daily Unit Management Sheets for all days encompassing the time that Annie Haymore was a resident of your facility.

REQUEST NO. 27:   Produce a copy of any and all agreements between your facility and the third-party provider of physical therapy services during the residency of Annie Haymore.

REQUEST NO. 28:   Produce a copy of any and all agreements between your facility and the third-party provider of pharmaceutical services during the residency of Annie Haymore.

REQUEST NO. 29:   Produce the Hours of Labor Report for the period of time representing the residency of Annie Haymore at your facility.  If your facility does not have an "Hours of Labor Report", then produce any and all information and/or documentation from the facility concerning a verification of the actual dollars spent on payroll from all departments involved in the care and treatment of Annie Haymore during her residency at your facility, including overtime hours.

REQUEST NO. 30:   Produce your facility's document retention policy that was in effect during Annie Haymore's residency at your facility.

REQUEST NO. 31:   Produce your facility's litigation hold policy that was in effect during Annie Haymore's residency at your facility.

REQUEST NO. 32:   Please produce all documents, including contracts, agreements, leases, and/or papers, which explain or relate to the legal relationship by and between Aurora Cares, LLC d/b/a Tara Cares and Chadwick Nursing and Rehabilitation Center, LLC.

REQUEST NO. 33:   For the time period of Annie Haymore's residency at your facility, please produce all shift to shift reports.

REQUEST NO. 34:   Please produce all budgets for your facility for 2009 and 2010.

REQUEST NO. 35:   Please produce the corporate structure, including directors, board of directors, officers, and employees of your facility for 2009 and 2010.

REQUEST NO. 36:   Please produce copies of the weekly census sheets for your facility during the residency of Annie Haymore.

REQUEST NO. 37:   Please produce any and all contracts and/or written or recorded agreements entered into by and between your facility and its Administrator, Director of Nursing, management company(ies), and/or consultant(s) during the time that Annie Haymore was a resident at your facility.

REQUEST NO. 38:  Please produce copies of documents which reflect the amount which was budgeted for nursing services during the residency of Annie Haymore at your facility.

REQUEST NO. 39:  Please produce copies of the residents' daily census for the period of time that Annie Haymore was a resident at your facility.

REQUEST NO. 40:  Produce a copy of any and all documents, papers, e-mails, electronic data, written recordings, electronic recordings, taped recordings, digital recordings, photos, or other materials used by the Ethics Committee specifically concerning Annie Haymore and her admission and/or residency at your facility.

REQUEST NO. 41:  Produce a copy of any and all electronic records, documents, or other papers concerning Annie Haymore during her residency at your facility.

RESPECTFULLY SUBMITTED, this the 10th day of January, 2012.

ANNIE HAYMORE, BY AND THROUGH
MAXINE HAYMORE, ATTORNEY-IN-FACT,
Plaintiff


_____
J. HOWARD THIGPEN, ESQ. (99690)

**MORGAN & MORGAN**
One Jackson Place, Suite 777
188 East Capitol Street
Jackson, Mississippi  39210
(601)949-3388 – telephone
(601)949-3399 – facsimile)

## CERTIFICATE OF SERVICE

I, J. HOWARD THIGPEN, hereby certify that on this date, I mailed via U.S. Mail, postage pre-paid, the above Interrogatories and Request for Production of Documents, to the following counsel of record:

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi  39204

AURORA HEALTHCARE, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi  39201

AURORA CARES, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi  39201

THIS, the 10th day of January, 2012..

MORGAN & MORGAN, P.A.

J. HOWARD THIGPEN

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                    PLAINTIFFS

VERSUS                              CIVIL ACTION NO. _____

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                       DEFENDANTS

PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION
OF DOCUMENTS PROPOUNDED TO DEFENDANTS,
AURORA HEALTHCARE, LLC AND AURORA CARES, LLC

COMES NOW the Plaintiff, Annie Haymore, by and through Maxine Haymore, as attorney-in-fact, pursuant to Rules 26, 33 and 34 of the *Mississippi Rules of Civil Procedure*, and serves the following interrogatories and request for production of documents on the Defendants, Aurora Healthcare, LLC and Aurora Cares, LLC ("Defendants"). Plaintiff requests that Defendants answer fully, in writing, under oath, the following interrogatories, and respond in writing and produce documents in response to the following request for production of documents, within forty-five (45) days of receipt thereof. Documents are to be produced at the offices of J. Howard Thigpen, Morgan & Morgan, One Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201.

INSTRUCTIONS AND DEFINITIONS

You are requested to furnish all information in your possession and all information available to you, not merely such information as you know of as your own personal knowledge, but also all knowledge that is available to you, your representatives, agents and attorneys to the extent not privileged, including inquiry of their representatives.

1.      Documents shall mean any written, printed, recorded, graphic, or electronic matter, however produced or reproduced, whether or not privileged, including, but not limited to, records, notes, summaries and analyses, charts, schedules, contracts, agreements, drawings, sketches, drafts, diaries, calendars, reports, memoranda, telephone memoranda, letters, telegrams, telexes, e-mail, electronic data, films, videotapes, diagrams, photographs, slides, working papers, books, meeting minutes and notes, statements, files or other graphic, symbolic, recorded or written materials of any nature whatsoever.

2.      Photographs shall include negatives, prints, transparencies, slides, drawings, videotapes, movies, or other means of depicting the object or person.

3.      Person shall include individuals, partnerships, joint ventures, sole proprietorships, associations, corporations, and any other type of entity.

4.      Incident means the events, occurrences, acts or omissions which are alleged in the complaint to give rise to plaintiff's claim, irrespective of whether the "incident" occurred more than one year prior to plaintiff filing the complaint.

5.      The word identify when used with respect to a person or persons means to state the name, address and telephone number of each person, to note the name of the present employer, place of employment and job title, if any, of each such person, and if such person affiliated at any time with any party to this litigation, by employment or otherwise, to state the nature, including job title, if any, and dates of such affiliation.

6.      The word identify when used with respect to a document means:

  (a)   To specify the nature of the documents;
  (b)   To state the date, if any, appearing on the document or if none, the date upon which such document was prepared;
  (c)   To describe in general the subject matter of the document;
  (d)   To identify each person, if any, who was an addressee thereof, or who examined the documents;
  (e)   If it now exists, to identify each person having custody of the documents.

7.    With respect to any document withheld from production due to any claim of work product or attorney client privilege, or any other privilege, list for each such document:

      (a)    The type of such document (i.e., memorandum, letter, etc.);
      (b)    The author of such document;
      (c)    The recipients or persons to whom such document was directed or distributed;
      (d)    The date of such document;
      (e)    The subject matter of such document;
      (f)    The nature of the privilege asserted; and
      (g)    The part or portion of the document for which the privilege is asserted.

8.    As used herein your and you refers to you and your agents and/or employees (either past or present).

9.    Employee is defined to mean any person, past or present, who served as an agent and/or employee for you.

## INTERROGATORIES

INTERROGATORY NO. 1: Please identify fully all individuals who both: (1) were employed by Defendants from approximately July 29, 2009 through February 28, 2010; and (2) treated, managed the treatment, supervised, directed and/or in any way directly and/or indirectly provided cared for Annie Haymore while she was a resident, stating whether each individual is a current employee of one of the Defendants.  The purpose of this interrogatory is to identify all individuals who have personal knowledge of any treatment, supervision, and/or care of Annie Haymore during her residency.

INTERROGATORY NO. 2: State the full name, address, principal place of business, and registered agent for service of process for the individual or entity who owns Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC.

INTERROGATORY NO. 3: State the full name, address, principal place of business, and registered agent for service of process for all individuals or entities who owned Chadwick Nursing

and Rehabilitation Center and Chadwick Nursing and Rehabilitation Center, LLC during the residency of Annie Haymore.

INTERROGATORY NO. 4: Please state all facts or knowledge that you may have that support the contention that Plaintiff has failed to state a claim against Aurora Cares, LLC, and Aurora Healthcare, LLC.

INTERROGATORY NO. 5: Please identify fully what role Aurora Healthcare, LLC and/or Aurora Care, LLC has in the hiring, firing, suspension, and/or termination of employees at Chadwick Nursing and Rehabilitation Center or Chadwick Nursing and Rehabilitation Center, LLC, including, but not limited to administrators, directors of nursing, nurses, nurse assistants, and nurse aides in 2009 and 2010.

INTERROGATORY NO. 6: Please state whether you contend that you have not been correctly served or named as a party in or by Plaintiff's Complaint.

INTERROGATORY NO. 7: Identify whether any contracts or written agreements exist as between Chadwick Nursing and Rehabilitation Center, Chadwick Nursing and Rehabilitation Center, LLC, Aurora Cares, LLC, and Aurora Healthcare, LLC in 2009 and 2010.

INTERROGATORY NO. 8: Did you provide insurance for Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC, and if so, through whom was the insurance provided in 2009 and 2010.

INTERROGATORY NO. 9: Please list and describe in detail each and every document, item or thing which supports any defense upon which you intend rely at the trial of this matter.

INTERROGATORY NO. 10:          Please state the name, address, and phone number for each lay witness you may call at trial.

INTERROGATORY NO. 11:          Please identify each and every document that you may introduce as an exhibit at trial.

INTERROGATORY NO. 12:          Please identify each and every document that you may use during opening, closing, or examination of witness, lay or expert, at trial.

INTERROGATORY NO. 13:Please identify each expert witness, in accordance with the guidelines set out both in Rule 26 of the Mississippi Rules of Civil Procedure and in Rule 4.04 of the Uniform Circuit and County Court Rules, whom you may call at trial.

INTERROGATORY NO. 14:Please identify your corporate structure, including the President/CEO, Vice-President, Chief Financial Officer, Chief Operating Officer, as well as any other positions who have any involvement with the operations at Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC.

INTERROGATORY NO. 15:Please identify whether Annie Haymore was ever a part of any state surveys conducted during her time at Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC, and if so, please state what year each survey for which she was a part was conducted.

INTERROGATORY NO. 16:Please state whether you possess the cost reports for Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC for their operations in 2009 and 2010.

INTERROGATORY NO. 17:Please state whether you possess any Quality Assurance documents for Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC for their operations in 2009 and 2010.

INTERROGATORY NO. 18:Please state whether you possess any MDS documents for Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC for their operations in 2009 and 2010.

INTERROGATORY NO. 19:  If this Defendant contends that some other person or legal entity is in whole or in part liable to the Plaintiff for any act alleged in the Complaint, identify the person or entity and describe in detail the basis for any such liability.

INTERROGATORY NO. 20:  Please identify whether Annie Haymore was ever a part of any state surveys conducted during his time at your facility, and if so, please state what year each survey for which she was a part was conducted.

INTERROGATORY NO. 21:  For the year 2009 and 2010, please identify by year the staffing for your facility, as follows:

   (a)    staffing categories (e.g., administrator, registered nurse, licensed vocational nurses, nurses aides, physical therapists, etc.);

   (b)    number of persons required for each such category by shift and facility; and

   (c)    the breakdown, month by month, of your facility's actual staff numbers.

INTERROGATORY NO. 22:  Please state whether any surveys of your facility conducted by the State in 2009 and 2010 contained information or documentation related specifically to Annie Haymore.

INTERROGATORY NO. 23:  Please state whether any of the care, services, or lack thereof provided by you and/or your facility to Annie Haymore was investigated by a State entity or agency, and if so, what was the reason for the investigation, when did the investigation occur, and what was the result of the investigation.

REQUESTS FOR PRODUCTION

REQUEST NO. 1:    Copies of any contract or written agreements between Chadwick Nursing and Rehabilitation Center, Chadwick Nursing and Rehabilitation Center, LLC, Aurora Cares, LLC, and Aurora Healthcare, LLC.

REQUEST NO. 2:    Copies of any third party provider agreements and/or outside consultants agreements (i.e., therapy provider, food provider, cleaning provider, etc) between yourself and the provider for Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC.

REQUEST NO. 3:  Any and all policies and procedures including any indices and table of contents that were in effect during Annie Haymore's residency.

REQUEST NO. 4:  A copy of any contract between yourself and the Medical Director for Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC during the residency period of Annie Haymore.

REQUEST NO. 5:  Copies of any minutes of the Governing Body for you during the one calendar year preceding the residency period of Annie Haymore through to the present.

REQUEST NO. 6:  All documentation and reports from any consultant or management personnel hired by you to evaluate the adequacy of care rendered residents at Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC, at anytime during one calendar year preceding the residency period of Annie Haymore through to the present.

This request includes but is not limited to any ongoing or periodic report, study, evaluation or assessment generated by the following consultants or employees of Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC:

a)    R.N. Nurse Consultant;

b)    Pharmaceutical Consultant;

c)    Registered Dietician Consultant;

d)    Quality Assurance Staff; or

e)    Any other health or medical consultant brought in or employed to evaluate or study the adequacy of care.

e)   Any and all documents submitted by the employee or recorded by the facility, concerning complaints from Annie Haymore or Annie Haymore's family and registered by the employee;

f)   Any and all performance evaluations completed for the employee;

g)   Any and all forms, letters, or notes relating to termination of the employee's service at the nursing home, including writings completed by the employee or any other member of the nursing home's staff or administration.

REQUEST NO. 9:  Please produce a copy of any and all "key indicator" reports or "quality indicator" reports generated for Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC, for 2009 and 2010.

REQUEST NO. 10:   Produce copies of all Medicare and Medicaid cost reports for 2009 and 2010 for Chadwick Nursing and Rehabilitation Center and/or Chadwick Nursing and Rehabilitation Center, LLC.

REQUEST NO. 11:  Produce a complete copy of any purchase agreements, including, but not limited to asset purchase agreements, between the current owners of Chadwick Nursing and Rehabilitation Center, LLC and the prior owners either of Chadwick Nursing and Rehabilitation Center, LLC or whatever entity operated in its place.

REQUEST NO. 12: Produce a copy of any and all documents supporting your responses to Interrogatories.

REQUEST NO. 13: Produce a copy of your experts' CV, opinions and reports, as well as any and all documents supporting such opinions and reports.

REQUEST NO. 14: Produce a copy of any and all documents supporting each and every affirmative defense asserted in your Answer to the Complaint.

REQUEST NO. 15: Produce a copy of the complete personnel file for each employee of your facility who cared for, provided services to, monitored, treated, and/or supervised treatment or care being provided by your facility to Annie Haymore from July 29, 2009 through February 28, 2010.

REQUEST NO. 16:  Produce a copy of all surveys of your facility conducted by the State in 2009 and 2010, which contain information or documentation related specifically to Annie Haymore.

REQUEST NO. 17: Produce a copy of the declarations page(s) for all insurance policies that are or were applicable to the losses alleged in the Complaint.

REQUEST NO. 18:  Produce a copy of any documents, papers, incident/accident reports, incident/accident investigations, statements, descriptions, photos, pictures, electronic files and/or e-mails concerning any Incident or Accident at or concerning Annie Haymore during her residency at Chadwick Nursing & Rehabilitation Center, LLC.

REQUEST NO. 19:  Produce a copy of any High Risk Management Minutes, Notes, and/or Photos, concerning Annie Haymore throughout her residency at Chadwick Nursing & Rehabilitation Center, LLC.

REQUEST NO. 20:   Produce a copy of any In-Service Record Retention during the residency of Annie Haymore at Chadwick Nursing & Rehabilitation Center, LLC.

REQUEST NO. 21:  Produce a copy of any and all documents, papers, investigations, statements, descriptions, photos, pictures, electronic files and/or e-mails concerning any Annual Surveys involving Annie Haymore.

REQUEST NO. 22:   Produce a copy of any and all documents, papers, reviews, assessments, or other information related to any bonus received by the Administrator for Chadwick Nursing & Rehabilitation Center, LLC during the residency of Annie Haymore.

REQUEST NO. 23:   Produce a copy of any and all 24 hour reports concerning Annie Haymore.

REQUEST NO. 24:   Produce a copy of any and all Quality Assurance Committee notes and/or minutes, concerning (a) Annie Haymore throughout her residency at Chadwick Nursing & Rehabilitation Center, LLC and (b) her care following each Quality Assurance

Committee meeting in which those notes are taken. This is not a request for peer review notes or evaluations by a peer review committee or quality assurance committee of any practitioner's past medical performance.

REQUEST NO. 25:   Produce a copy of any and all Quality Assessment Meeting notes and/or minutes, concerning (a) Annie Haymore throughout her residency at Chadwick Nursing & Rehabilitation Center, LLC and (b) her care following each Quality Assurance Committee meeting in which those notes are taken. This is not a request for peer review notes or evaluations by a peer review committee or quality assurance committee of any practitioner's past medical performance.

REQUEST NO. 26:   Produce a copy of any and all Incident Log forms concerning Annie Haymore throughout her residency at Chadwick Nursing & Rehabilitation Center, LLC.

REQUEST NO. 27:   Produce a copy of any and all Daily Unit Management Sheets for all days encompassing the time that Annie Haymore was a resident of Chadwick Nursing & Rehabilitation Center, LLC.

REQUEST NO. 28:   Produce a copy of any and all agreements between Chadwick Nursing & Rehabilitation Center, LLC and the third-party provider of physical therapy services during the residency of Annie Haymore.

REQUEST NO. 29:   Produce a copy of any and all agreements between Chadwick Nursing & Rehabilitation Center, LLC and the third-party provider of pharmaceutical services during the residency of Annie Haymore.

REQUEST NO. 30:   Produce the Punch Detail Report for the period of time representing the residency of Annie Haymore at Chadwick Nursing & Rehabilitation Center, LLC. If you do not have a "Punch Detail Report", then produce any and all information and documentation from the

facility concerning the work time cards/reports for each individual employee who treated, cared for, worked on, and/or monitored the care of Annie Haymore during her residency at your facility.

REQUEST NO. 31:   Produce the Hours of Labor Report for the period of time representing the residency of Annie Haymore at Chadwick Nursing & Rehabilitation Center, LLC.  If you do not have an "Hours of Labor Report", then produce any and all information and/or documentation from the facility concerning a verification of the actual dollars spent on payroll from all departments, including overtime hours.

REQUEST NO. 32:   Produce the Key Factor Report for the period of time representing the residency of Annie Haymore at your facility, including any e-mails or other electronic communications between the Administrator and the Director of Operations for the facility concerning the Key Factor Report.  If your facility does not have a "Key Factor Report", then produce any and all information and/or documentation from the facility concerning the "actual" nursing hours for the stated period versus the "budgeted" nursing hours for the stated period during the residency of Annie Haymore at Chadwick Nursing & Rehabilitation Center, LLC.

REQUEST NO. 33:   Produce the Payroll Period End Report for the period of time representing the residency of Annie Haymore at Chadwick Nursing & Rehabilitation Center, LLC.

REQUEST NO. 34:   Produce the Payroll Analysis Report for the period of time representing the residency of Annie Haymore at Chadwick Nursing & Rehabilitation Center, LLC.

REQUEST NO. 35:   Produce the Regional Vice President Reports for the period of time representing the residency of Annie Haymore at Chadwick Nursing & Rehabilitation Center, LLC.

REQUEST NO. 36:   Produce your facility's White Book Report for the period of time representing the residency of Annie Haymore at Chadwick Nursing & Rehabilitation Center, LLC.

REQUEST NO. 37:   Produce your facility's Profit and Loss Report for the period of time representing the residency of Annie Haymore at Chadwick Nursing & Rehabilitation Center, LLC.

CERTIFICATE OF SERVICE

I, J. HOWARD THIGPEN, hereby certify that on this date, I mailed via U.S. Mail, postage pre-paid, the above Interrogatories and Request for Production of Documents, to the following counsel of record:

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Corporation Service Company, Registered Agent for Service
506 South President Street
Jackson, Mississippi

AURORA HEALTHCARE, LLC
Attn: Corporation Service Company, Registered Agent for Service
506 South President Street
Jackson, Mississippi

AURORA CARES, LLC
Attn: Corporation Service Company, Registered Agent for Service
506 South President Street
Jackson, Mississippi

THIS, the 10th day of January, 2012.

MORGAN & MORGAN

_____
J. HOWARD THIGPEN

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                          PLAINTIFFS

VERSUS                              CIVIL ACTION NO. _____

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                           DEFENDANTS

PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS AND SECOND SET
OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS,
CHADWICK NURSING & REHABILITATION CENTER AND
CHADWICK NURSING & REHABILITATION CENTER, LLC

COME NOW, the Plaintiffs, pursuant to Rules 26, 34, and 36 of the *Mississippi Rules of Civil Procedure*, and serve the following request for admissions and request for production of documents on the Defendants, Chadwick Nursing & Rehabilitation Center and Chadwick Nursing & Rehabilitation Center, LLC.  Plaintiffs request that Defendants answer fully, in writing, under oath, the following admissions within thirty (30) days of receipt thereof. Documents are to be produced at the offices of J. Howard Thigpen, Morgan & Morgan, One Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201.

ADMISSIONS

REQUEST FOR ADMISSION NO. 1:          Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you have any policies and/or procedures in effect.

REQUEST FOR ADMISSION NO. 2:          Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you have an itemized bill for the expenses incurred by and/or for Annie Haymore.

REQUEST FOR ADMISSION NO. 3:        Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you have any electronically created or stored records, notes, and/or documents, specifically concerning Annie Haymore.

REQUEST FOR ADMISSION NO. 4:        Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you have a contract with the Administrator(s).

REQUEST FOR ADMISSION NO. 5:        Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you have a contract with the Director(s) of Nursing.

REQUEST FOR ADMISSION NO. 6:        Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you have a contract with the legal entity(ies) who managed your facility.

REQUEST FOR ADMISSION NO. 7:        Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you have a contract with any consultant(s) who in any way rendered services to Annie Haymore.

REQUEST FOR ADMISSION NO. 8:        Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you have a Litigation Hold Policy in effect.

REQUEST FOR ADMISSION NO. 9:        Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you have a Document Retention Policy in effect.

REQUEST FOR ADMISSION NO. 25:    Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you prepare or submit a Cost Report to the State of Mississippi.

REQUEST FOR ADMISSION NO. 26:    Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you maintain or possess an employment evaluation of the Administrator(s).

REQUEST FOR ADMISSION NO. 27:    Please admit that at no point in time during the residency (or period of admission) for Annie Haymore at your facility did you maintain or possess an employment evaluation of the Director(s) of Nursing.

## REQUESTS

REQUEST FOR PRODUCTION NO. 1:    For each Request for Admission herein that you did not "Admit", please produce a copy of all documents either referenced or referred to in the Request for Admission.

REQUEST FOR PRODUCTION NO. 2:    For each Request for Admission herein that you "Denied" either in whole or in part, please produce a copy of all documents either referenced or referred to in the Request for Admission.

RESPECTFULLY SUBMITTED, this the 10th day of January, 2012.

ANNIE HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT,
Plaintiffs


_____
J. HOWARD THIGPEN, ESQ. (99690)

MORGAN & MORGAN
One Jackson Place, Suite 777
188 East Capitol Street
Jackson, Mississippi  39210
(601)949-3388 – telephone
(601)949-3399 – facsimile

## CERTIFICATE OF SERVICE

I, J. HOWARD THIGPEN, hereby certify that on this date, I mailed via U.S. Mail, postage pre-paid, the above Request for Admissions, to the following counsel of record:

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Corporation Service Company,  Registered Agent for Service
506 South President Street
Jackson, Mississippi

AURORA HEALTHCARE, LLC
Attn: Corporation Service Company, Registered Agent for Service
506 South President Street
Jackson, Mississippi

AURORA CARES, LLC
Attn: Corporation Service Company, Registered Agent for Service
506 South President Street
Jackson, Mississippi

THIS, the 10th day of January, 2012.

MORGAN & MORGAN, P.A.

_____
J. HOWARD THIGPEN

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                        PLAINTIFFS

VERSUS                              CIVIL ACTION NO. _____

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                          DEFENDANTS

PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS AND SECOND SET
OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT,
AURORA CARES, LLC

COME NOW, the Plaintiffs, pursuant to Rules 26, 34, and 36 of the *Mississippi Rules of Civil Procedure*, and serve the following request for admissions and request for production of documents on the Defendant, Aurora Cares, LLC.  Plaintiffs request that Defendants answer fully, in writing, under oath, the following admissions within thirty (30) days of receipt thereof. Documents are to be produced at the offices of J. Howard Thigpen, Morgan & Morgan, One Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201.

ADMISSIONS

REQUEST FOR ADMISSION NO. 1:     Please admit that you had an ownership interest in Chadwick Nursing & Rehabilitation Center, LLC from July 29, 2009 through Febuary 28, 2010.

REQUEST FOR ADMISSION NO. 2:     Please admit that you are listed as having an ownership interest in Chadwick Nursing & Rehabilitation Center, LLC on their 2009 and 2010 cost report.

REQUEST FOR ADMISSION NO. 3:     Please admit that you participated in the management of Chadwick Nursing & Rehabilitation Center, LLC from July 29, 2009 through February 28, 2010.

REQUEST FOR ADMISSION NO. 4:     Please admit that you, your agents, your representatives, and/or your counsel have participated in Chadwick Nursing & Rehabilitation Center, LLC's response to records requests made by one of their past or present residents.

REQUEST FOR ADMISSION NO. 5:     Please admit that you, your agents, your representatives, and/or your counsel participated in the creation of Chadwick Nursing & Rehabilitation Center, LLC's 2009 and 2010 budget.

REQUEST FOR ADMISSION NO. 6:     Please admit that you, your agents, your representatives, and/or your counsel participated in the hiring of nurses at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

REQUEST FOR ADMISSION NO. 7:     Please admit that you, your agents, your representatives, and/or your counsel participated in the firing of nurses at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

REQUEST FOR ADMISSION NO. 8:     Please admit that you, your agents, your representatives, and/or your counsel participated in the training of nurses at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

REQUEST FOR ADMISSION NO. 9:     Please admit that you, your agents, your representatives, and/or your counsel participated in tracking the number of residents who incurred pressure sores at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

REQUEST FOR ADMISSION NO. 10:     Please admit that you, your agents, your representatives, and/or your counsel participated in tracking the number of residents who incurred a fall(s) at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

**REQUEST FOR ADMISSION NO. 11:**    Please admit that you, your agents, your representatives, and/or your counsel participated in tracking the number of residents who incurred an infection(s) at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

## REQUESTS

**REQUEST FOR PRODUCTION NO. 1:**    For each Request for Admission herein that you did not "Deny", please produce a copy of all documents either referenced or referred to in the Request for Admission.

**REQUEST FOR PRODUCTION NO. 2:**    For each Request for Admission herein that you "Admitted" either in whole or in part, please produce a copy of all documents either referenced or referred to in the Request for Admission.

RESPECTFULLY SUBMITTED, this the 10th day of January, 2012.

ANNIE HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT,
Plaintiffs

J. HOWARD THIGPEN, ESQ. (99690)

MORGAN & MORGAN
One Jackson Place, Suite 777
188 East Capitol Street
Jackson, Mississippi 39210
(601)949-3388 – telephone
(601)949-3399 – facsimile

## CERTIFICATE OF SERVICE

I, J. HOWARD THIGPEN, hereby certify that on this date, I mailed via U.S. Mail, postage pre-paid, the above Request for Admissions, to the following counsel of record:

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Corporation Service Company,  Registered Agent for Service
506 South President Street
Jackson, Mississippi

AURORA HEALTHCARE, LLC
Attn: Corporation Service Company, Registered Agent for Service
506 South President Street
Jackson, Mississippi

AURORA CARES, LLC
Attn: Corporation Service Company, Registered Agent for Service
506 South President Street
Jackson, Mississippi

THIS, the 10th day of January, 2012.

MORGAN & MORGAN, P.A.

J. HOWARD THIGPEN

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                                 PLAINTIFFS

VERSUS                                      CIVIL ACTION NO. _____

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                                   DEFENDANTS

PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS AND SECOND SET
OF REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT,
AURORA HEALTHCARE, LLC

COME NOW, the Plaintiffs, pursuant to Rules 26, 34, and 36 of the *Mississippi Rules of Civil Procedure*, and serve the following request for admissions and request for production of documents on the Defendant, Aurora Healthcare, LLC. Plaintiffs request that Defendants answer fully, in writing, under oath, the following admissions within thirty (30) days of receipt thereof. Documents are to be produced at the offices of J. Howard Thigpen, Morgan & Morgan, One Jackson Place, Suite 777, 188 East Capitol Street, Jackson, Mississippi 39201.

ADMISSIONS

REQUEST FOR ADMISSION NO. 1:          Please admit that you had an ownership interest in Chadwick Nursing & Rehabilitation Center, LLC from July 29, 2009 through Febuary 28, 2010.

REQUEST FOR ADMISSION NO. 2:          Please admit that you are listed as having an ownership interest in Chadwick Nursing & Rehabilitation Center, LLC on their 2009 and 2010 cost report.

REQUEST FOR ADMISSION NO. 3:        Please admit that you participated in the management of Chadwick Nursing & Rehabilitation Center, LLC from July 29, 2009 through February 28, 2010.

REQUEST FOR ADMISSION NO. 4:        Please admit that you, your agents, your representatives, and/or your counsel have participated in Chadwick Nursing & Rehabilitation Center, LLC's response to records requests made by one of their past or present residents.

REQUEST FOR ADMISSION NO. 5:        Please admit that you, your agents, your representatives, and/or your counsel participated in the creation of Chadwick Nursing & Rehabilitation Center, LLC's 2009 and 2010 budget.

REQUEST FOR ADMISSION NO. 6:        Please admit that you, your agents, your representatives, and/or your counsel participated in the hiring of nurses at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

REQUEST FOR ADMISSION NO. 7:        Please admit that you, your agents, your representatives, and/or your counsel participated in the firing of nurses at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

REQUEST FOR ADMISSION NO. 8:        Please admit that you, your agents, your representatives, and/or your counsel participated in the training of nurses at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

REQUEST FOR ADMISSION NO. 9:        Please admit that you, your agents, your representatives, and/or your counsel participated in tracking the number of residents who incurred pressure sores at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

REQUEST FOR ADMISSION NO. 10:        Please admit that you, your agents, your representatives, and/or your counsel participated in tracking the number of residents who incurred a fall(s) at Chadwick Nursing & Rehabilitation Center, LLC in 2009 and 2010.

## CERTIFICATE OF SERVICE

I, J. HOWARD THIGPEN, hereby certify that on this date, I mailed via U.S. Mail, postage pre-paid, the above Request for Admissions, to the following counsel of record:

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Corporation Service Company,  Registered Agent for Service
506 South President Street
Jackson, Mississippi

AURORA HEALTHCARE, LLC
Attn: Corporation Service Company, Registered Agent for Service
506 South President Street
Jackson, Mississippi

AURORA CARES, LLC
Attn: Corporation Service Company, Registered Agent for Service
506 South President Street
Jackson, Mississippi

THIS, the 10th day of January, 2012.

MORGAN & MORGAN, P.A.

_____
J. HOWARD THIGPEN

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                     PLAINTIFFS

VERSUS                                  CIVIL ACTION NO. _____

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                      DEFENDANTS

CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO ANY LAWFUL OFFICE OR OTHER PERSONS AUTHORIZED TO SERVE
SUBPOENAS:

> State of Mississippi
> Office of the Attorney General
> Division of Medicaid Fraud Control Unit (MFCU)
> ATTN: Treasure Tyson, Director
> Walter Sillers Building
> 550 High Street, 15th Floor
> Jackson, Mississippi 39201

YOU ARE HEREBY COMMANDED to summon the RECORDS CUSTODIAN for the State of Mississippi, Office of the Attorney General, Division of Medicaid Fraud Control Unit (MFCU), located at the Walter Sillers Building, 550 High Street, 15th Floor, Jackson, Mississippi 39201, to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified:

> Certified true and correct copies of any and all "Abuse Complaint" forms, investigation documentation (including photos, interviews, medical documentation, etc.), results and/or conclusions of any investigation, actions taken and/or to be taken by the State of Mississippi, which are in any way related to or pertaining to: (1) the resident, Annie M. Haymore (Date of Birth: 01/21/1930; Social Security Number: xxx-xx-1692); and (2) the long-term care facility and/or its owners, Chadwick Nursing & Rehabilitation Center, Chadwick Nursing & Rehabilitation Center, LLC, Aurora Heathcare, LLC, Aurora Cares, LLC, and/or any of its employees or agents, from July 29, 2009 through February 1, 2011.

If for some reason the investigation and resulting documentation were not completed

prior to February 1, 2011, then we request a copy just the same regardless of when the investigation and resulting documentation were conducted and/or completed.

This writ is being issued pursuant to Rule 45(e) of the Mississippi Rules of Civil Procedure as well as Miss. Code Ann. §25-61-5.

YOU ARE COMMANDED TO ADVISE THE RECORDS CUSTODIAN that in lieu of personal appearance, he or she may mail copies of the above referenced documents to J. Howard Thigpen, Morgan & Morgan, P.A., 188 East Capitol Street, Suite 777, Jackson, Mississippi 39201. You are further commanded to advise the Records Custodian that should he or she choose to comply with this Subpoena by mailing the above referenced documents or copies, thereof, such documents must be mailed before ten (10) days from the date of service of this subpoena duces tecum.

HEREIN, YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED AND HAVE THERE THEN THIS WRIT.

Witness my signature and seal of office, this the _____ day of _____, 2012.

BARBARA DUNN, CLERK
HINDS COUNTY, MISSISSIPPI

BY:     _____, D.C.

OF COUNSEL:

J. Howard Thigpen, Esq. (99690)
MORGAN & MORGAN
188 East Capitol Street, Suite 777
Jackson, Mississippi 39201
Telephone: 601.949.3388
Facsimile:   601.949.3399

## CERTIFICATE OF SERVICE

I, J. HOWARD THIGPEN, of counsel for Plaintiffs, do hereby certify that I have this day delivered via U.S. Mail, postage prepaid, a copy of the above and foregoing document to the following counsel of record:

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi  39201

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi  39204

CHADWICK NURSING & REHABILITATION CENTER
Attn: Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi  39204

AURORA HEALTHCARE, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi  39201

AURORA CARES, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi  39201

State of Mississippi
Office of the Attorney General
Division of Medicaid Fraud Control Unit (MFCU)
ATTN: Treasure Tyson, Director
Walter Sillers Building
550 High Street, 15th Floor
Jackson, Mississippi 39201

THIS, the ___10___ day of January, 2012.

MORGAN & MORGAN

_____
J. HOWARD THIGPEN

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                          PLAINTIFFS

VERSUS                                  CIVIL ACTION NO. _____

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                            DEFENDANTS

AFFIDAVIT OF RECORDS CUSTODIAN

KNOW ALL MEN BY THESE PRESENTS:  That I, _____,
the RECORDS CUSTODIAN for STATE OF MISSISSIPPI, OFFICE OF THE ATTORNEY
GENERAL, DIVISION OF MEDICAID FRAUD CONTROL UNIT (MFCU), located at the
Walter Sillers Building, 550 High Street, 15th Floor, Jackson, Mississippi 39201, do hereby state
under oath that the attached are true and correct as therein stated. Further, that the attached records
were made, maintained and stored during the regular and normal course of business; that said
records are true, correct and authentic; and said records are made as part of a regularly conducted
activity and as a regular practice.

_____
RECORDS CUSTODIAN

SWORN TO AND SUBSCRIBED BEFORE ME, this the ____ day of _____, 2012.

_____
NOTARY PUBLIC

My Commission Expires:

_____

AFFIDAVIT PREPARED BY:

J. Howard Thigpen, Esq. (99690)
MORGAN & MORGAN
188 East Capitol Street, Suite 777
Jackson, Mississippi 39201
Telephone: 601.949.3388
Facsimile:  601.949.3399

PROOF OF SERVICE – SUBPOENA
(Process Server)

Records Custodian for State of MS, Office of the Attorney General, Division of Medicaid Fraud Control Unit (MFCU)
Name of Person or Entity Served

      I, the undersigned process server, served the Subpoena upon the person or entity named above in the manner set forth below:

_____      PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of _____, 2012, where I found said person(s) in _____ County of the State of Mississippi.

_____      RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi. I served the Subpoena on the \_\_\_\_\_ day of _____, 2012, at the usual place of abode of said person by leaving a true copy of the Subpoena with _____, who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the Subpoena, and thereafter on the \_\_\_\_\_ day of _____, 2012, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____      CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least 18 years of age and not a party to this action.

Name: _____
Social Security No.: _____
Address: _____
_____
Telephone No.: _____

STATE OF MISSISSIPPI
COUNTY OF _____

      PERSONALLY APPEARED before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing Proof of Service-Subpoena are true and correct as therein stated.


                                          _____
                                          PROCESS SERVER


      SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 2012.

(S EA L)

                                          _____
                                          NOTARY PUBLIC


My Commission Expires:
_____

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI


ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                                    PLAINTIFFS

VERSUS                                        CIVIL ACTION NO. _____

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                                      DEFENDANTS

CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO ANY LAWFUL OFFICE OR OTHER PERSONS AUTHORIZED TO SERVE
SUBPOENAS:

> State of Mississippi
> Office of the Attorney General
> Division of Medicaid, Long-Term Care Facilities
> Walter Sillers Building
> 550 High Street, Suite 1000
> Jackson, Mississippi 39201

     YOU ARE HEREBY COMMANDED to summon the RECORDS CUSTODIAN for the State of Mississippi, Office of the Attorney General, Division of Medicaid, Long-Term Care Facilities, located at the Walter Sillers Building, 550 High Street, Suite 1000, Jackson, Mississippi 39201, to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified:

> Certified true and correct copies of any and all Mississippi Medicaid Cost Reports submitted to the Division of Medicaid by Chadwick Nursing & Rehabilitation Center, Chadwick Nursing & Rehabilitation Center, LLC, Aurora Healthcare, LLC, Aurora Cares, LLC, and/or any of its employees or agents for 2010 and 2011.

     This writ is being issued pursuant to Rule 45(e) of the Mississippi Rules of Civil Procedure as well as Miss. Code Ann. §25-61-5.

     YOU ARE COMMANDED TO ADVISE THE RECORDS CUSTODIAN that in lieu of personal appearance, he or she may mail copies of the above referenced documents to J. Howard Thigpen, Morgan & Morgan, P.A., 188 East Capitol Street, Suite 777, Jackson, Mississippi 39201. You are further commanded to advise the Records Custodian that should he or she choose to

comply with this Subpoena by mailing the above referenced documents or copies, thereof, such documents must be mailed before ten (10) days from the date of service of this subpoena duces tecum.

HEREIN, YOU SHALL NOT FAIL UNDER PENALTY IN SUCH CASE PROVIDED AND HAVE THERE THEN THIS WRIT.

Witness my signature and seal of office, this the 10th day of January, 2012.

BARBARA DUNN, CLERK
HINDS COUNTY, MISSISSIPPI

BY: _____, D.C.

OF COUNSEL:

J. Howard Thigpen, Esq. (99690)
MORGAN & MORGAN
188 East Capitol Street, Suite 777
Jackson, Mississippi 39201
Telephone: 601.949.3388
Facsimile:  601.949.3399

CERTIFICATE OF SERVICE

I, J. HOWARD THIGPEN, of counsel for Plaintiffs, do hereby certify that I have this day delivered via U.S. Mail, postage prepaid, a copy of the above and foregoing document to the following counsel of record:

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi 39204

CHADWICK NURSING & REHABILITATION CENTER
Attn: Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi 39204

AURORA HEALTHCARE, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

AURORA CARES, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

State of Mississippi
Office of the Attorney General
Division of Medicaid, Long-Term Care Facilities
Walter Sillers Building
550 High Street, Suite 1000
Jackson, Mississippi 39201

THIS, the 10th day of January, 2012.

MORGAN & MORGAN, P.A.

_____
J. HOWARD THIGPEN

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                        PLAINTIFFS

VERSUS                              CIVIL ACTION NO. _____

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                          DEFENDANTS

## AFFIDAVIT OF RECORDS CUSTODIAN

KNOW ALL MEN BY THESE PRESENTS:  That I, _____,
the RECORDS CUSTODIAN for STATE OF MISSISSIPPI, OFFICE OF THE ATTORNEY
GENERAL, DIVISION OF MEDICAID, LONG-TERM CARE FACILITIES, located at the
Walter Sillers Building, 550 High Street, Suite 1000, Jackson, Mississippi 39201, do hereby state
under oath that the attached are true and correct as therein stated. Further, that the attached records
were made, maintained and stored during the regular and normal course of business; that said
records are true, correct and authentic; and said records are made as part of a regularly conducted
activity and as a regular practice.

_____
RECORDS CUSTODIAN

SWORN TO AND SUBSCRIBED BEFORE ME, this the ____ day of _____, 2012.

_____
NOTARY PUBLIC

My Commission Expires:

_____

AFFIDAVIT PREPARED BY:

J. Howard Thigpen, Esq. (99690)
MORGAN & MORGAN
188 East Capitol Street, Suite 777
Jackson, Mississippi 39201
Telephone: 601.949.3388
Facsimile:  601.949.3399

PROOF OF SERVICE – SUBPOENA
(Process Server)

<u>Records Custodian for State of MS, Office of the Attorney General, Division of Medicaid, Long-Term Care Facilities</u>
Name of Person or Entity Served

     I, the undersigned process server, served the Subpoena upon the person or entity named above in the manner set forth below:

_____     PERSONAL SERVICE.  I personally delivered copies to _____ on the \_\_\_\_\_ day of _____, 2012, where I found said person(s) in _____ County of the State of Mississippi.

_____     RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi.  I served the Subpoena on the \_\_\_\_\_ day of _____, 2012, at the usual place of abode of said person by leaving a true copy of the Subpoena with _____, who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the Subpoena, and thereafter on the \_\_\_\_\_ day of _____, 2012, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____     CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least 18 years of age and not a party to this action.

Name:          _____
Social Security No.:   _____
Address:        _____
               _____
Telephone No.:     _____

STATE OF MISSISSIPPI
COUNTY OF _____

      PERSONALLY APPEARED before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing Proof of Service-Subpoena are true and correct as therein stated.


                                      _____
                                        PROCESS SERVER


      SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 2012.

(S EA L)

                                        _____
                                        NOTARY PUBLIC


My Commission Expires:
_____

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                     PLAINTIFFS

VERSUS                             CIVIL ACTION NO. _____

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                       DEFENDANTS

CIVIL SUBPOENA DUCES TECUM

STATE OF MISSISSIPPI
COUNTY OF HINDS

TO ANY LAWFUL OFFICE OR OTHER PERSONS AUTHORIZED TO SERVE
SUBPOENAS:

> Mississippi State Department of Health and Human Services
> ATTN: Marilyn Winborne
> 143-B LeFleur's Square
> Jackson, Mississippi 39211

YOU ARE HEREBY COMMANDED to summon the RECORDS CUSTODIAN for the Mississippi State Department of Health and Human Services, located at 143-B LeFleur's Square, Jackson, Mississippi 39211, to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified:

> Certified true and correct copies of any and all "Statements of Deficiencies and Plans of Correction" in any way related to or pertaining to: (1) the resident, Annie M. Haymore (Date of Birth: 01/21/1930; Social Security Number: xxx-xx-1692); and (2) the long-term care facility and/or its owners, Chadwick Nursing & Rehabilitation Center, Chadwick Nursing & Rehabilitation Center, LLC, Aurora Heathcare, LLC, Aurora Cares, LLC, and/or any of its employees or agents, from July 29, 2009 through February 1, 2011.

> If for some reason the investigation and resulting Statement of Deficiencies and Plan of Correction were not completed prior to February 1, 2011, then we request a copy just the same regardless of when the investigation and resulting Statement of Deficiencies and Plan of Correction were conducted and/or completed.

This writ is being issued pursuant to Rule 45(e) of the Mississippi Rules of Civil Procedure as well as Miss. Code Ann. §25-61-5.

CERTIFICATE OF SERVICE

I, J. HOWARD THIGPEN, of counsel for Plaintiffs, do hereby certify that I have this day delivered via U.S. Mail, postage prepaid, a copy of the above and foregoing document to the following counsel of record:

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

CHADWICK NURSING & REHABILITATION CENTER, LLC
Attn: Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi 39204

CHADWICK NURSING & REHABILITATION CENTER
Attn: Paula Hazel, Administrator
1900 Chadwick Drive
Jackson, Mississippi 39204

AURORA HEALTHCARE, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

AURORA CARES, LLC
Attn: Corporation Service Company
506 South President Street
Jackson, Mississippi 39201

Mississippi State Department of Health and Human Services
ATTN: Marilyn Winborne
143-B LeFleur's Square
Jackson, Mississippi 39211

THIS, the 10th day of January, 2012.

MORGAN & MORGAN

J. HOWARD THIGPEN

PROOF OF SERVICE – SUBPOENA
(Process Server)

Records Custodian of Mississippi State Department of Health & Human Services
Name of Person or Entity Served

I, the undersigned process server, served the Subpoena upon the person or entity named above in the manner set forth below:

_____  PERSONAL SERVICE.  I personally delivered copies to _____ on the _____ day of _____, 2012, where I found said person(s) in _____ County of the State of Mississippi.

_____  RESIDENCE SERVICE. After exercising reasonable diligence, I was unable to deliver copies to said person within _____ County, Mississippi.  I served the Subpoena on the _____ day of _____, 2011, at the usual place of abode of said person by leaving a true copy of the Subpoena with _____, who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the Subpoena, and thereafter on the \_\_\_\_ day of _____, 2012, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

_____  CERTIFIED MAIL SERVICE.  By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least 18 years of age and not a party to this action.

Name:                    _____
Social Security No.:     _____
Address:                 _____
                         _____
Telephone No.:           _____

STATE OF MISSISSIPPI
COUNTY OF HINDS

      PERSONALLY APPEARED before me the undersigned authority in and for the state and county aforesaid, the within named _____, who being first by me duly sworn states on oath that the matters and facts set forth in the foregoing Proof of Service-Subpoena are true and correct as therein stated.

 

                                                       _____
                                                       PROCESS SERVER

      SWORN TO AND SUBSCRIBED before me this the _____ day of _____, 2012.

(S EA L)

                                                       _____
                                                       NOTARY PUBLIC

My Commission Expires:
_____

IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                    PLAINTIFFS

VERSUS                              CIVIL ACTION NO. _____

CHADWICK NURSING & REHABILITATION CENTER;
CHADWICK NURSING & REHABILITATION CENTER, LLC;
AURORA CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                       DEFENDANTS

AFFIDAVIT OF RECORDS CUSTODIAN

KNOW ALL MEN BY THESE PRESENTS: That I, _____,
the RECORDS CUSTODIAN for THE MISSISSIPPI STATE DEPARTMENT OF HEALTH &
HUMAN SERVICES, located at 143-B LeFleur's Square, Jackson, Mississippi 39211, do hereby
state under oath that the attached are true and correct as therein stated. Further, that the attached
records were made, maintained and stored during the regular and normal course of business; that
said records are true, correct and authentic; and said records are made as part of a regularly
conducted activity and as a regular practice.

_____
RECORDS CUSTODIAN FOR
MS STATE DEPT HEALTH & HUMAN SRVCS

SWORN TO AND SUBSCRIBED BEFORE ME, this the ____ day of _____, 2012.

_____
NOTARY PUBLIC

My Commission Expires:

_____

AFFIDAVIT PREPARED BY:

J. Howard Thigpen, Esq. (99690)
MORGAN & MORGAN
188 East Capitol Street, Suite 777
Jackson, Mississippi 39201
Telephone: 601.949.3388
Facsimile:  601.949.3399

**IN THE CIRCUIT COURT OF HINDS COUNTY, MISSISSIPPI**
**FIRST JUDICIAL DISTRICT**

ANNIE M. HAYMORE, BY AND THROUGH
MAXINE HAYMORE, AS ATTORNEY-IN-FACT                    PLAINTIFFS

v.                                                CIVIL ACTION NO. 251-12-24-CIV

CHADWICK NURSING & REHABILITATION
CENTER; CHADWICK NURSING &
REHABILITATION CENTER, LLC; AURORA
CARES, LLC; AURORA HEALTHCARE, LLC;
CORPORATIONS A-G; JANE DOES A-G;
AND JOHN DOES A-G                                    DEFENDANTS

<u>**NOTICE OF FILING OF NOTICE OF REMOVAL**</u>

   Defendants, Chadwick Nursing and Rehabilitation Center, LLC; Aurora Cares, LLC; and

Aurora Healthcare, LLC (collectively, "Defendants"),[1] hereby give notice to the Circuit Court of

Hinds County, Mississippi that Defendants filed a Notice of Removal with the United States

District Court for the Southern District of Mississippi, Jackson Division and that this case have

been removed to that court.  A true and correct copy of the Notice of Removal is attached as

Exhibit "A."

   This, the 23rd day of January, 2012.

        Respectfully Submitted,

        CHADWICK NURSING AND
        REHABILITATION CENTER, LLC; AURORA
        CARES, LLC; AND AURORA HEALTHCARE,
        LLC

        By their attorneys:

        BAKER, DONELSON, BEARMAN,

---

[1] The entity "Chadwick Nursing & Rehabilitation Center" does not exist and has not been served with process.

**EXHIBIT B**

CALDWELL & BERKOWITZ, P.C.

BY: _Ceejaye S. Peters_

CEEJAYE S. PETERS

W. Davis Frye (MB# 10671)
Barry W. Ford (MSB No. 5403)
Ceejaye S. Peters (MB# 101962)
BAKER, DONELSON, BEARMAN
  CALDWELL & BERKOWITZ, PC
4268 I-55 North
Meadowbrook Office Park
Jackson, MS 39211
Phone: (601) 351-2400
Fax: (601) 351-2424

2

## CERTIFICATE OF SERVICE

I certify that I have this day forwarded by U.S. Mail, postage prepaid, a true and correct copy of the foregoing *Notice of Filing of Notice of Removal* to the following:

J. Howard Thigpen, Esq.
Morgan & Morgan
One Jackson Place, Suite 777
188 East Capitol Street
Jackson, Mississippi 39210

THIS the 23rd day of January, 2012.

CEEJAYE S. PETERS

3